BOARDMAN, Judge.
Scott M. Rich appeals his conviction and sentence for aiding and abetting in a grand theft. We reverse.
This is a case in which the conviction is based solely on circumstantial evidence. The facts are that between noon and one o’clock on February 3, 1981, Beatrice Landes’ purse, containing approximately $214, was forcibly pulled off her arm by Sammie Dunbar while she was locking her car in the Town Plaza Center in St. Peters-burg. Ms. Landes and several others chased Dunbar as he ran into the Meadow-lawn Middle School playground, located behind the plaza. William Going saw Dunbar run into the playground. He drove toward the back of the plaza in an attempt to intercept Dunbar, but could not find him when he reached that area. Instead, he encountered a Ford Pinto occupied by two white males parked nearby. He recognized the passenger to be appellant. The Pinto then backed out and drove away and out of his view.
About this time, Ronald Henderson, assistant principal at Meadowlawn Middle School, was standing in the school parking lot supervising children when a Pinto occupied by two white males raced through the parking lot. The car proceeded into the playground and shortly thereafter returned through the parking lot at a high rate of speed on its way off school property. Henderson jotted down the car’s license number and called the police.
Sergeant John Siegel of the St. Peters-burg Police Department received a dispatch that a purse had been snatched at the plaza and that the perpetrator had run towards the school. After failing to locate anyone on foot in that area, he received another dispatch that a Pinto with two occupants had driven recklessly through the school parking lot. Several minutes later he spotted two men trying to dislodge a Pinto mired in a field between the plaza and an interstate highway. He approached the two. Appellant identified himself and stated that he was the driver. The other man identified himself as Bradford McEntag-gart. When asked what they were doing there, they replied to the effect that they were “[Oust driving around” or “[j]ust looking for girls.”
Deputy Sheriff Larry Roach led the investigation of the strong-arm robbery. He met Siegel in the field with appellant and McEntaggart. McEntaggart eventually gave Roach a statement. Appellant was later charged with aiding and abetting in the robbery. McEntaggart was not charged.
At trial, McEntaggart testified for the state. Neither appellant nor Dunbar testified. McEntaggart stated that on the morning of February 3, he and appellant borrowed the Pinto from appellant’s girl friend. They drove around for awhile and later met Dunbar at an apartment. The three then cruised around. Appellant was driving; Dunbar was in the front; and McEntaggart was in the back. McEntag-gart caught “parts” of “a vague conversation” between appellant and Dunbar in which Dunbar said he was going to rob a bank. However, McEntaggart was “mostly listening to the radio,” which “was fairly *111 loud,” and “wasn’t paying that much attention.” He never heard appellant say he would participate in a bank robbery. The three proceeded to a bank on 34th Street. Dunbar went inside while McEntaggart and appellant remained in the car. Dunbar did not rob the bank. After coming out he told appellant “he wanted to find a small [bank] that didn’t have any guards or nothing.” The three then drove to a motor vehicle bureau on 62nd Avenue. Appellant and McEntaggart entered the bureau while Dunbar walked into a bank to “check it out or something like that.” Dunbar did not rob this bank either.
Upon meeting back at the car, Dunbar told appellant to follow two ladies who had entered a blue car. Dunbar said they had come out of the bank with some money and that he was going to rob one of them. Appellant followed the ladies’ car to the plaza, but never commented on Dunbar’s remark. When they arrived, Dunbar got out of the car. On direct examination, McEntaggart testified that Dunbar said he was going “to try to get some money” from the ladies. On cross-examination, however, he stated that Dunbar just told them to “[d]rop me off.”
Appellant and McEntaggart immediately drove off toward the school. On direct examination, McEntaggart asserted that he “guess[ed]” that they turned onto school property in order to look for Dunbar. On cross-examination, however, he explained that they entered the school property to cruise around and “drive around in circles” as they had been doing throughout the day. He added that appellant never told him that they were driving onto school property to meet Dunbar.
At the close of the state’s case, appellant’s motion for a directed verdict was denied. We hold that the trial court should have granted the motion and that the failure to do so constituted reversible error.
The state failed to prove that appellant had the specific intent to participate as an aider and abettor in the strong-arm robbery of Ms. Landes. In order to convict someone of aiding and abetting in a crime as a principal in the first degree, the state must prove that that individual aided or abetted in the commission of the crime and had the specific intent to participate in the crime. Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978).
The state failed to carry its burden here. It merely demonstrated that appellant followed a car from the bank to the plaza, dropped off Dunbar, proceeded to the playground area behind the plaza, and shortly thereafter got stuck in a nearby field. However, appellant had been cruising and joy riding in the Pinto with McEn-taggart throughout the day. He had driven to two separate banks with Dunbar, and no crime was committed on either occasion. Moreover, he had not been present at the scene of the strong-arm robbery. In addition, there was no evidence that he rendezvoused with Dunbar after the robbery. Perhaps most important, McEntaggart testified that he never heard appellant make any statement concerning his intention to participate in the robbery. Thus, there is a total absence of evidence on this point.
In sum, the circumstantial evidence was insufficient to conclusively establish that appellant had the specific intent to participate as an aider and abettor in the crime charged. See Pack.
Accordingly, appellant’s judgment and sentence is REVERSED and the cause REMANDED with directions to discharge appellant.
HOBSON, A. C. J., and DANAHY, J., concur.