504 So.2d 9 (1986)
Francis VALDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1211.
District Court of Appeal of Florida, Second District.
December 30, 1986.
Rehearing Denied January 26, 1987.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant was convicted of second degree grand theft in violation of section 812.014(2)(b), Florida Statutes (1983). Appellant raises three grounds for reversal, one of which is that the circumstantial evidence against him was insufficient as a matter of law. We agree and reverse as to this ground. Accordingly, we need not address the other grounds raised.
Eyewitnesses identified appellant as the driver of a vehicle which sped away from a department store after a woman, who had stolen several men's shirts from the store, entered the vehicle. Other evidence established that the vehicle which appellant was driving had been parked in the fire lane outside the department store prior to the woman's entry into the car. As appellant sped away, store detectives forced the vehicle to a stop, whereupon appellant and the woman were arrested. During questioning by police at the time of the arrest, *10 appellant indicated that he had no knowledge of the woman's intent to steal. Appellant told police that he thought the woman went into the store to buy a dress for their daughter. The evidence indicated that while appellant and the woman were not married, they did live together and had this one daughter.
The state failed to prove that appellant had the specific intent to participate as an aider and abettor in the grand theft. In order to convict someone of aiding and abetting in a crime as a principal in the first degree, the state must prove that the individual aided or abetted in the commission of the crime and had the requisite specific intent to participate in the crime. Collins v. State, 438 So.2d 1036, 1038 (Fla. 2d DCA 1983); Rich v. State, 413 So.2d 109, 111 (Fla. 2d DCA 1982); Lockett v. State, 262 So.2d 253, 254 (Fla. 4th DCA 1972). Mere knowledge that an offense is being committed is not the same as participation with criminal intent. Collins, 438 So.2d at 1038. Mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation. Collins; In the Interest of R.W.G. v. State, 395 So.2d 1279 (Fla. 2d DCA 1981); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980).
Intent may be shown by circumstantial evidence, but if the proof of intent rests solely upon circumstantial evidence, the proof must be not only consistent with the guilt of the accused, but also inconsistent with any other reasonable hypothesis of innocence. Ross v. State, 474 So.2d 1170, 1173 (Fla. 1985); Bailey v. State, 442 So.2d 385, 386-387 (Fla. 2d DCA 1983); Lockett, 262 So.2d at 254.
The state failed to carry its burden in the case at bar. It merely demonstrated that appellant was the driver of the vehicle that the woman entered after she stole the shirts. Appellant's actions could be explained in a manner consistent with innocence, i.e., appellant waited in the car while the woman went to purchase a dress for their daughter. The store detectives testified that it was not unusual for customers to park in the fire lanes while another person went inside the store to make purchases.
For the foregoing reasons, and upon the authority of the cases cited, appellant's judgment and sentence is reversed.
GRIMES, A.C.J., and SCHOONOVER, J., concur.