LEVY, Judge.
In consolidated appeals, juveniles J.F. and T.H. challenge the trial court’s orders adjudicating them delinquent. Based upon the State’s confession of error, as to one issue, and our own examination of the record, we reverse.
A police officer received a “B.O.L.O.” report concerning several juveniles who had attempted to steal a ear, the description of which was provided to the officer. Shortly after the officer commenced searching for the described vehicle, she saw a vehicle matching the description provided. When the driver saw the officer, a high speed chase ensued. When the chase terminated, the driver and passengers fled the vehicle. Appellants were two of the passengers in the vehicle. The police subsequently learned that the vehicle involved in the chase was stolen.
Appellants were ultimately adjudicated delinquent of grand theft, burglary of a conveyance, and resisting an officer without violence. The “resisting an officer without violence” charge related to the efforts to elude the police officer during the high speed chase. In challenging their adjudications on those counts, appellants contend that the evidence adduced at trial established only that they were passengers in a vehicle which was ultimately found to have been stolen, and that such evidence is insufficient to support the grand theft and burglary adjudications because it does not establish the knowledge and intent required for a conviction of the crimes charged.
The State has properly confessed error regarding the grand theft and burglary adjudications. Based upon the State’s confession of error, and our own review of the record, we reverse those adjudications upon the authority of A.E. v. State, 549 So.2d 774 (Fla. 3d DCA 1989), and E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989).
As to the adjudications for resisting an officer without violence, however, the State contends that these charges are viable, even though those charges are solely based upon the fact that the Appellants’ car did not stop for the officer but, instead, sped away from the officer in an attempt to elude her. We disagree. We hold that, absent objective proof of actions by a passenger which evidences some substantial involvement in the driver’s actions, a mere passenger cannot be held responsible for the actions of the driver of the vehicle.
Reversed and remanded.