ON MOTION FOR REHEARING
BOOTH, Judge.
This cause is before us on rehearing of the original panel decision reversing appellant’s conviction on authority of Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986). Pursuant to State v. Law, 559 So.2d 187 (Fla.1989), we grant rehearing, withdraw the original opinion, and affirm appellant’s conviction.
Appellant appeals a jury verdict finding him guilty of attempted burglary of a structure on an aider and abetter theory.
The evidence presented at trial established that the owner of a seafood business in Bay County, Florida, locked his store at approximately 6:00 p.m. on the evening of January 28, 1987, drove away to attend to some business, and returned an hour later to find that the front door of the business had been pried open. The owner observed a parked car within 30 feet of the front door of the store. One black male was walking toward the passenger side of the car and another black male (later identified as the appellant) was sitting behind the steering wheel. The car drove away but returned several minutes later and was stopped by police in front of the seafood business. A search revealed a rusty tire iron under the front passenger seat. A Florida Department of Law Enforcement analyst later determined that the tool left the rusty pry marks found on the business’s front door.
Appellant maintained at trial that he had been working on the car at his girlfriend’s house earlier that evening and had used the tire iron for leverage to reconnect a generator belt. According to appellant, he left the house both to test drive the car and to get his friend Jackson, who was extremely intoxicated, away from appellant’s girlfriend and her small children. As appellant drove past the seafood business, Jackson asked him to pull over, stating that he “had to do something.” Appellant stopped in the business’s parking lot. Jackson then exited the rear of the car and, according to appellant, stayed “12 or 13 seconds, then came back as the owners were pulling in.” Appellant stated that he did not watch Jackson after he exited the car and that he assumed Jackson had asked him to stop because he needed to urinate. Appellant claimed he had an assortment of tools used to work on the car and had laid them on the passenger side floorboard. He testified that he did not plan to break into the store and knew nothing about the attempted burglary.
In order to convict one of aiding and abetting in a crime, the State must establish: (1) that the defendant assisted the actual perpetrator by doing or saying something that caused, encouraged, assist *71 ed, or incited the perpetrator to actually commit the crime; and (2) that the defendant had the specific intent to participate in the crime. C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985); Howard v. State, 473 So.2d 841 (Fla. 1st DCA 1985); Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986). Neither mere knowledge that an offense is being committed nor presence at the scene of the crime and flight therefrom are sufficient to establish participation with the requisite criminal intent. Further, when the State relies on circumstantial evidence to establish the defendant’s assistance and intent to participate, the evidence must not only be consistent with guilt but must also be inconsistent with any reasonable hypothesis of innocence. C.P.P. and Valdez, supra; Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986).
However, the State is not required to rebut every possible variation of events which could be inferred from the evidence, “but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is suffi-cient_” Law at 388 (emphasis added).
The State proved that the tire iron was the tool used in the attempted break-in. Appellant admitted he put it in the car. His explanation or theory was that he put it in with other tools and that he used it to work on the generator. The State introduced evidence that there were no other tools in the car and that the generator had not been worked on.
The State’s evidence directly contradicts appellant’s “theory of defense,” thereby meeting its threshold burden for submitting the case to a jury. Accordingly, the trial court correctly denied appellant’s motion for judgment of acquittal. Appellant’s conviction is AFFIRMED.
SHIVERS, C.J., and THOMPSON, J., concur.