SMITH, Judge.
Sanders appeals his conviction for possession of cocaine and for purchase, sale, or delivery of cocaine, contending, among other things, that the trial court erred in denying his motion for judgment of acquittal on both charges. We agree and reverse.
At the time of the alleged offense, appellant was riding in the front seat of a pickup truck with three other men: Peterson, the driver, Morris and Williams. The driver pulled into the parking area of an apartment complex where police had established a “sting” operation, in which police officers posed as drug dealers sold cocaine to customers driving up in vehicles. When Undercover Officer Varner walked past the truck in which appellant was riding, the driver asked for a “twenty cent piece.” Officer Varner handed the driver a small packet of cocaine through the open truck window. Although handling or touching of the cocaine by appellant at any time was denied by him and other defense witnesses, viewing the evidence in the light most favorable to the state, it would appear that while the driver, Peterson, was handing the money to Officer Varner, Peterson passed the packet of cocaine to appellant, who briefly held and looked at it. Immediately following delivery of the first packet, another passenger in the truck, not appellant, asked for cocaine, and Officer Varner handed a second packet to Peterson and money was again passed to the officer. Upon receiving payment for the second packet, Officer Varner gave the signal to backup officers who immediately surrounded the vehicle, and the four occupants were arrested.
There is no evidence that appellant said or did anything with respect to the cocaine *782 other than Officer Varner’s testimony that he held and “just looked” at the first package. Officer Varner did not hear appellant say anything before, during, or after the transaction. When asked the question: “What did Mr. Sanders do with that piece of crack cocaine?”, Officer Varner answered: “He just looked at it. I guess a lot of times people sold fake stuff and he just looked at it to see if it was real or something.” There is no further description of appellant’s actions while holding the package of cocaine, and no specific evidence as to the length of time he had the package in his hand, other than vague references in other portions of the testimony indicating that the usual drug “buy” is completed in one or two minutes. Further, the evidence is undisputed that appellant had no knowledge of Peterson’s reason for pulling into the apartment complex other than Peterson’s announced purpose of making a “pit stop.” We agree with appellant’s contention that this evidence was insufficient to support a conviction for possession, sale, purchase or delivery of cocaine.
At trial, as here, the state relies upon the theory that appellant was guilty of aiding and abetting the purchase of cocaine, and was therefore a principal, chargeable with the offense. In Saffor v. State, 558 So.2d 69 (Fla. 1st DCA 1990), this court reiterated the elements of proof that must be established in order to convict one of aiding and abetting in the commission of a crime, as follows:
In order to convict one of aiding and abetting in a crime, the State must establish: (1) that the defendant assisted the actual perpetrator by doing or saying something that caused, encouraged, assisted, or incited the perpetrator to actually commit the crime; and (2) that the defendant had the specific intent to participate in the crime. C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985); Howard v. State, 473 So.2d 841 (Fla. 1st
DCA 1985); Valdez v. State, 504 So.2d 9 (Fla.2d DCA 1986). Neither mere knowledge that an offense is being committed nor presence at the scene of the crime and flight therefrom are sufficient to establish participation with the requisite criminal intent.
Id. at 71.
The Saffor court reiterated also that when circumstantial evidence is relied upon to establish a defendant’s assistance and intent to participate, “the evidence must not only be consistent with guilt but must also be inconsistent with any reasonable hypothesis of innocence.” Id., citing C.P.P. v. State, supra, Valdez v. State, supra, and Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), rev. den., 503 So.2d 328 (Fla.1987); see also State v. Law, 559 So.2d 187 (Fla.1990).
Tested by the foregoing principles, the evidence clearly establishes only appellant’s presence at the scene of the offense. Whether the evidence was sufficient to establish the element of “knowledge” that the substance was indeed cocaine is problematical, since proof of this fact rests entirely upon the circumstantial evidence consisting of Peterson’s request for a “twenty cent piece” in appellant’s presence, and appellant’s holding and looking at a piece of crack cocaine enclosed in a presumably transparent “zip-lock” baggie. We do not concern ourselves with appellant’s supposed “knowledge” of the contents of the baggie, however, because the absence of any evidence whatever to establish that appellant was “aiding and abetting” in the purchase, or that he had any intent to aid in the commission of the crime, makes it unnecessary to do so.[1]
Turning next to the conviction for possession of cocaine, we likewise find the evidence insufficient to support a conviction for that offense. In order to establish the offense of possession, the state must show that the accused possessed the con *783 traband with the ability to establish dominion and control over it. We are of the view that the momentary holding and looking at an object in the manner and under the circumstances described here, without more, is insufficient to prove a criminal possession offense.[2] Appellant cites Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986), as dispositive on this point. The Garóes court held that the temporary control of contraband in the presence of its actual owner, for the purpose of verifying that it is what it purports to be, or to conduct a sensory test for quality, prior to completing a purchase, without more, does not constitute “legal possession.” We agree with appellant that if the facts of Garóes were insufficient to prove the crime of possession, the facts in the case before us assuredly call for the same result. Here, there was nothing more than a casual holding and looking at the object, with nothing other than the officer’s “guess” that it was being examined or tested for quality or identity.
We have not overlooked the Garóes court’s further holding that the facts in that case would support a conviction for “attempted trafficking by possession.” We do not agree with the state’s illogical argument here that by citing to Garóes, appellant thereby must of necessity concede a sufficiency of the evidence to support the conviction of purchase of cocaine. In Garóes, the evidence established that the defendant was present at a prearranged meeting with a police detective interested in setting up purchases of cocaine; that arrangements were made for exchange of cocaine for money, and at the appointed time and place, the defendant and another went outside to get the money, at which time defendant remained outside and acted as a lookout while his accomplice drove a car containing the purchase money into a garage, following which cocaine was brought in by a second undercover officer, and the transaction proceeded.
By contrast with the facts in Garóes, here, the evidence is undisputed that Sanders had first met the driver, Peterson, earlier that same evening and had accepted a ride in Peterson’s truck, along with the two other occupants, for the purpose of going to the home of one of them for further socializing. There is no evidence from which a jury could conclude that Sanders associated himself with the other occupants of the vehicle for the purpose of purchasing cocaine or any other contraband, or that he engaged in any conduct that in any way facilitated the events that took place at the apartment complex.
Our determination that the trial court erred in denying appellant’s motion for judgment of acquittal at the conclusion of the state’s case[3] renders moot appellant’s other points grounded on double jeopardy considerations and improper jury instructions. For the above reasons, the judgments of conviction and sentences for purchase, sale or delivery of cocaine, and possession of cocaine, are,
REVERSED.
MINER, J., and THOMPSON, FORD L. (Retired), Associate Judge, concur.

. See, Thornton v. State, 306 So.2d 205 (Fla. 1st DCA 1975), reversed in part, State v. Thornton, 327 So.2d 227 (Fla.1976) (evidence that defendant went to a car in which participants in sale of marijuana were seated, saw what he supposed was bag of marijuana, and took a "puff" on a "reefer” passed to him on the outside, insufficient to support conviction for possession and delivery of more than five grams of marijuana; on review, Florida Supreme Court agreed, but found evidence was sufficient to convict of lesser included offense of possession of not more than five grams of marijuana).

. Cf., State v. Thornton, supra, footnote 1 above.

. Appellant also renewed his motion for acquittal at the conclusion of all the evidence. We note that the state’s argument for affirmance focuses largely on the theory that conflicts between the state’s version of the drug purchase and that given by appellant, Morris and Williams supplies the necessary elements of criminality on appellant’s part to sustain his conviction. For example, appellant and his witnesses testified that he was seated next to Williams, who was on the passenger side of the truck, and that Morris was seated between appellant and the driver, Peterson; whereas, Officer Varner testified that appellant was next to Peterson. Also, as noted above, the evidence was in conflict on whether appellant ever held or touched the cocaine. We find these conflicts do not provide incriminating evidence, and, moreover, the state’s arguments are not well taken in light of State v. Pennington, 534 So.2d 393 (Fla. 1988) (where the state fails to make a prima facie case and a motion for judgment of acquittal is denied, it is reversible error for the court, in reliance upon defendant’s evidence which supplies essential elements of the state’s case, to deny a motion for judgment of acquittal made at the conclusion of all the evidence).