BASKIN, Judge.
E.B., a juvenile, was adjudicated delinquent for aggravated battery with an automobile under the theory that he aided and abetted the actual perpetrator of the offense. The state correctly concedes it failed to prove: (1) E.B. intended that the crime be committed and (2) E.B. assisted the actual perpetrator in committing the crime. J.W. v. State, 467 So.2d 796, 797 (Fla. 3d DCA 1985); T.J.T. v. State, 460 So.2d 508, 509 (Fla. 3d DCA 1984); see also Staten v. State, 519 So.2d 622, 624 (Fla.1988). There is no direct evidence that E.B., a passenger in the car, intended to participate in the crime or that he encouraged or assisted the actual perpetrator in driving the car toward the victim. See T.H. v. State, 554 So.2d 589 (Fla. 3d DCA 1989). The circumstantial evidence of intent — E. B.’s presence in the car — does not exclude the reasonable hypothesis of innocence, namely, that he merely witnessed the crime. W.B. v. State, 554 So.2d 577 (Fla. 3d DCA 1989); Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986); C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985); J.W. v. State; A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968); see State v. Law, 559 So.2d 187 (Fla.1989). Accordingly, we reverse the adjudication of delinquency for battery with an automobile.
Reversed and remanded with directions to discharge E.B..