NORTHCUTT, Judge.
KM. contends the evidence failed to support her delinquency adjudication for making or circulating a false alarm of fire in violation of section 806.101, Florida Statutes (1997). We agree and reverse.
The charges against KM. stemmed from a false report of a fire at Gulf High School in New Port Richey. At KM.’s trial, A.K., another juvenile charged in the incident, recounted that K.M. accompanied her to the school’s pay phones, where A.K. intended to place a call. While they were at the phones, K.M. said “I wonder if you can call 911 without a quarter.” A.K. said she did not know, and K.M. dialed 911. K.M. then said “Oh my God, there is somebody on the phone” and handed the receiver to A.K. A.K. told the operator a fire was burning in one of the school’s bathrooms. A.K. said K.M. never talked to the 911 operator. A school resource officer familiar with A.K’s and KM.’s voices listened to the tape recording of the 911 call. He confirmed that A.K. reported the fire and that K.M. had not spoken to the operator.
The foregoing simply was not sufficient to support K.M.’s adjudication of delinquency. In order to violate section 806.101, a person must, “without reasonable cause, by outcry or the ringing of bells, or otherwise, make[] or circulate!], or cause! ] to be made or circulated, a false alarm of fire....” K.M. dialed the 911 emergency number, but said nothing about a fire, or anything else. Nor did her actions qualify her as a principal in A.K.’s crime. No evidence established that she had consciously intended that A.K. make a false fire report. In fact, the evidence was to the contrary. KM. wanted to find out whether a 911 call from a pay phone was free. A.K. seemed to act on the spur of the moment. The fact that K.M. heard A.K. and knew she was falsely reporting a fire is not the same a participating in A.K.’s activity with criminal intent. See Valdez v. State, 504 So.2d 9, 10 (Fla. 2d DCA 1986).
We reverse KM.’s adjudication of delinquency and remand with directions to discharge her.
PARKER, A.C.J., and DAVIS, J., Concur.