PER CURIAM.
A.G. appeals an order adjudicating him delinquent as a principal to an armed robbery committed by his older brother, C.G. Because the evidence was insufficient to support the adjudication, we reverse.
At approximately 2 p.m., on May 28, 1999, a pizza deliveryman arrived at his destination to find two boys, who looked to be ages 15 and 10, sitting outside the home. The deliveryman testified that “they” (the boys) told him that “they” meant to have the pizzas delivered to another house. The State did not establish which boy specifically made this request. The deliveryman and the boys proceeded to a different home in the neighborhood where, after some discussion with the deliveryman, the two boys went around the side of the house. The deliveryman heard the boys talking, but could not make out what was being said. The older boy then came back around the house toward the *59 deliveryman, pulling a blue mask over his face and holding a small black revolver. According to the deliveryman, the younger boy took no active role in this robbery and simply walked away while it was occurring. The deliveryman gave the older boy the pizzas and soda as well as his money. The pizza bag and an empty soda bottle of the same brand as that taken from the deliveryman were found in the home of A.G. and his older brother, C.G.
The only other eyewitness to testify for the State was a neighbor. He saw A.G. and C.G. walking in the neighborhood about the same time that the pizzas were delivered. He noticed that C.G. was wearing a ski or stocking mask. A.G., on the other hand, was waving his arms frantically at his older brother and appeared to be arguing with him.
The two boys were tried together as juveniles. At the end of the State’s case, A.G. moved for dismissal, which motion the trial court denied. A.G. renewed his motion at the close of all evidence, and it was again denied.
Simply stated, the State did not produce sufficient evidence to adjudicate A.G. delinquent as a principal to the crime of armed robbery. See Staten v. State, 519 So.2d 622 (Fla.1988); Taylor v. State, 747 So.2d 393 (Fla. 2d DCA 1996); Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986). Although the circumstances surrounding A.G. may seem suspicious, they do not rule out the reasonable hypothesis that he was merely present when his older brother robbed the pizza deliveryman. As a result, A.G.’s motion for dismissal should have been granted.
Reversed and remanded.
PATTERSON, C.J., and ALTENBERND and CASANUEVA, JJ., Concur.