ALTENBERND, Judge.
C.D. appeals an order withholding adjudication of delinquency for the offenses of *995 battery and petit theft. We affirm the portion of the order related to the offense of battery, but we conclude that the State failed to prove that C.D. committed petit theft. The trial court erred when it denied C.D.’s motion for judgment of dismissal as to this offense.
This case arises from a teenage feud. At the adjudicatory hearing, the State established that C.D. had a disagreement with the teenage victim. While riding as the passenger in a friend’s car, C.D. saw the victim standing alone at a bus stop. Both C.D. and her friend got out of the car and began to punch the victim. The victim fought back. The victim knew that one of the attackers snatched her necklace and bracelet during this fight, but she did not know which one.
Shortly after these events, the police were called to investigate this crime. They located C.D. on foot near the location of the offense within fifteen or twenty minutes. When detained, she did not have the jewelry. Thereafter, the jewelry was returned by the mother of the other girl. The mother had found the necklace and the bracelet in the glove compartment of her car.
At the close of this evidence by the State, C.D. moved for a dismissal of the petition as to the offense of petit theft. The trial court denied the motion on the theory that the State had at least established a case that C.D. was a principal to this theft.
C.D. then testified and admitted that she had been in a fight with the victim, although her testimony portrayed her own actions as self-defense. She claimed, however, that the other girl took the jewelry and that there had been no plan to rob the victim. She did not remember seeing the other girl place the jewelry in the glove compartment. At the close of this testimony, C.D. renewed her motion for dismissal and the court again denied the motion.
The trial court erred in refusing to dismiss the allegations of petit theft. There was no evidence that C.D. took the jewelry. There was no evidence that C.D. ever planned or intended to take the jewelry or that she did any act or made any statement which was intended to “incite, cause, encourage, assist or advise” the other girl to commit the crime. See Fla. Std. Jury Instr. (Crim.) 3.5(a); § 777.011, Fla. Stat. (2007); Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986); R.W.G. v. State, 395 So.2d 1279 (Fla. 2d DCA 1981); C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985). The only argument made by the State was that C.D. gave the other girl the “opportunity” to steal the jewelry because C.D. was fighting with the victim. Merely creating circumstances or conditions that allow another to commit an independent offense is not enough to establish one as a principal to that offense. Accordingly, the trial court erred in including petit theft as an offense on the disposition order.
Affirmed in part, reversed in part and remanded.
WHATLEY and SILBERMAN, JJ., Concur.