STEVENSON, J.
The defendant, George Hall, appeals his conviction for grand theft, challenging the sufficiency of the evidence. Finding merit in Hall’s argument, we reverse.
The State sought to convict the defendant of grand theft under a principals theory after two women took cosmetic products from a CVS Pharmacy and were observed getting into a truck driven by the defendant. To convict under a principals theory, the State is required to prove that “ ‘the defendant had a conscious intent that the criminal act be done and ... the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime.’ ” Smith v. State, 76 So.3d 1056, 1058 n. 3 (Fla. 4th DCA 2011) (quoting Fla. Std. Jury Instr. (Crim.) 3.5(a)). “[T]he getaway driver who has prior knowledge of the criminal plan and is ‘waiting to help the robbers escape’ ” is clearly guilty of the robbery under a principals theory. Staten v. State, 519 So.2d 622, 624 (Fla.1988) (quoting Enmund v. State, 399 So.2d 1362, 1370 (Fla.1981), reversed on other grounds, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982)), superseded by statute on other grounds as stated in Bowen v. State, 791 So.2d 44, 51 (Fla. 2d DCA 2001) (emphasis added). But, “ ‘[n]either mere knowledge that an offense is being committed nor presence at the scene of the crime and flight therefrom are sufficient to establish participation with the requisite criminal intent.’ ” Sanders v. State, 563 So.2d 781, 782 (Fla. 1st DCA 1990) (quoting Saffor v. State, 558 So.2d 69, 71 (Fla. 1st DCA 1990)).
In the instant case, while there was evidence from which a jury might have concluded that the defendant became aware of the crime after it was committed, there was no evidence the defendant had any prior knowledge of a criminal plan or had a conscious intent that the robbery be committed. The State attempted to use the fact that the defendant backed his truck into the parking space at the CVS as a sign that he must have known of the attempted theft beforehand. This rather common method of parking a truck in a parking space sheds no light on whether the defendant had prior knowledge that his passengers intended to commit a crime once inside of the CVS store. Likewise, the fact that license plates had been removed from the truck when it was spotted shortly after the incident is not probative of the defendant’s prior knowledge of the theft and his intent that it be committed.[1]

Reversed and Remanded.

GERBER and LEVINE, JJ., concur.

. Perhaps the defendant could have been charged as an accessory after the fact, but the State chose not to do so. We note that the Florida Supreme Court has characterized the crime of being an accessory after the fact as "mutually exclusive” to the crime of being a principal for the same underlying offense. Staten v. State, 519 So.2d 622, 625 (Fla.1988).