PADOVANO, J.
This is an appeal by the state from an order granting a post-verdict motion for judgment of acquittal. We agree with the trial court’s conclusion that the circumstantial evidence of identity was insufficient to support the defendant’s convictions. Accordingly, we affirm.
The defendant was charged with two counts of aggravated battery with a deadly weapon and two counts of aggravated assault with a deadly weapon. The shooting incident that gave rise to these charges was preceded by a confrontation in a park earlier in the day. Five men were playing basketball when the defendant and Tar-ranee Webb arrived at the scene. The defendant was driving his car and Webb was riding with him. Webb got into a *115 physical altercation with two of the men who were playing basketball and he injured one of them with brass knuckles. At trial, several of the men identified Webb and the defendant as the men they had encountered in the park.
The five men who had been in the park encountered Webb once again about forty-five minutes later at a convenience store. By this time it was dark but they could observe Webb in the backseat of a car outside the store. The five men left the convenience store in their own car, and the car in which Webb was riding followed them. They arrived at a gas station a few minutes later and, at that point, Webb fired a gun from the backseat window. Shots from the gun struck and wounded two of the men.
Crime scene technicians recovered shell casings from the parking lot of the gas station, but a subsequent forensic examination of the defendant’s car, a dark blue four-door Pontiac G6, did not reveal any firearms, bullets, shell casings, or other evidence that a gun had been fired from the car.
One of the victims said that the car he saw at the convenience store a few minutes before the shooting was similar to the blue Pontiac he had seen earlier at the park. Another of the victims described it as “their car,” and yet another said that it was a dark blue Pontiac G6. They indicated that the car followed them from the convenience store to the gas station. However, a bystander at the gas station said that the car from which the shots were fired was a black, two-door car.
At the conclusion of the state’s case, and again at the close of all the evidence, the defendant moved for judgment of acquittal. He argued that the state’s case was purely circumstantial and that it had failed to present evidence that excluded every reasonable hypothesis of innocence. The trial judge deferred ruling on the motion indicating that he would study the case law and rule on the motion after the verdict.
The jury found the defendant guilty as charged on all four counts. Later that morning, the court granted the defendant’s motion for judgment of acquittal. The trial judge explained that “there was no direct evidence putting [the defendant] in the vehicle at the time of the incident in question” and noted that it was the state’s obligation “to eliminate any reasonable hypothesis of innocence.” The state filed a timely notice of appeal to this court.
An order granting a motion for a judgment of acquittal after a guilty verdict in a criminal case is renewable by appeal. See § 924.07(l)(j), Fla. Stat. (2010); Fla. R. App. P. 9.140(c)(1)(E); State v. Williams, 742 So.2d 509 (Fla. 1st DCA 1999); State v. Odom, 56 So.3d 46 (Fla. 5th DCA 2011). Whether the evidence is sufficient to support a conviction is a question of law. See Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001). Hence, the order granting the motion for judgment of acquittal in this case is reviewable by the de novo standard of review. See Huggins v. State, 889 So.2d 743, 765 (Fla.2004).
A criminal defendant is entitled to a judgment of acquittal if there is no direct evidence of guilt and if the circumstantial evidence does not exclude every reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 188-89 (Fla.1989). As the supreme court explained in Law,
... [I]f the state does not offer evidence which is inconsistent with the defendant’s hypothesis, “the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law.” [Lynch v. State, 293 So.2d 44, 45 (Fla.1974) ] 293 So.2d at 45. The state’s evidence would be as a matter of law *116 “insufficient to warrant a conviction.” Fla. R. Crim. P. 3.380.
Law, 559 So.2d at 189.
In our view, the evidence against the defendant falls short of this standard. The jury verdicts could be sustained only by stacking several inferences one on another. The state’s contention that the shots were fired from the defendant’s car runs contrary to the forensic evidence and the independent eyewitness testimony. But even if we were to accept the premise that the shots were fired from the defendant’s car we would have to assume that the defendant was driving the car at the time of the shooting. There is no direct or circumstantial evidence to prove that point. Additionally, if we were to assume that the car from which the shots were fired was the defendant’s car and that he was the driver of the car, we would have to go a step further to conclude that the defendant was aware of the fact that Webb intended to fire a gun from the back seat and that the defendant participated in some way in that plan. Again, there is no evidence to prove this point.
The dissent points out that the state impeached one of the victims with a prior statement he made under oath during a police interrogation. In the prior statement the witness identified the defendant as the person driving the ear at the time of the shooting. When confronted with the statement at trial, however, the witness stood by his testimony on direct examination that he could not identify the driver of the car. The pretrial statement would not resolve all of the evidentiary problems we have identified even if it were admissible at trial as substantive evidence. In any event, the statement cannot be used as substantive evidence for several reasons.
The first and perhaps most important of these reasons is that the state did not argue at trial or on appeal that the statement was admissible as substantive evidence. To the contrary, the state has maintained all along that this statement was introduced solely as impeachment. An appellate court has authority to consider an argument not made on appeal as an alternative basis for affirmance, see Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999), but we know of no rule that would permit an appellate court to consider an unargued point as an alternative basis for reversal. Yet this is what the dissent is suggesting — that we should reverse the decision by the trial court based on an argument not made on appeal. Second, the pretrial statement was not introduced into evidence. The codefendant’s lawyer questioned the witness about the statement but that is not the same as offering it in evidence. Third, the statement plainly does not qualify as substantive evidence under section 90.801(2)(a) of the Evidence Code. The statement was given under oath but it was not made in a “trial, hearing, or other proceeding or deposition” as required by the code. See State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986) (holding that a police interrogation is not a “proceeding” within the meaning of the statute).
The notion that a statement offered as impeachment can be considered in determining the sufficiency of the evidence is one that conflates the role of the judge with the role of the jury. The jury is free to use the statement to determine whether the witness was being truthful at trial, but that does not make the statement part of the evidence against the defendant. One responsibility of the trial judge is to separate these issues out. The trial judge performed that task correctly when he determined that the statement was offered as impeachment and could not be considered in ruling on the defendant’s motion for judgment of acquittal.
*117 Another point made in the dissent is that the trial judge failed to instruct the jurors that they could not use the statement as evidence of the defendant’s guilt. Again, we think that this point confuses the role of the jury with that of the judge. The absence of a limiting instruction may serve to justify the guilty verdict, particularly if the jurors believed that the pretrial statement was, in fact, evidence of guilt. But that has little to do with the task before the court in determining the sufficiency of the evidence. The absence of a limiting instruction does not have the effect of transforming impeachment evidence into substantive evidence.
The circumstantial evidence in this case raises a suspicion of guilt, but that is not enough under our system of justice. See Cox v. State, 555 So.2d 352, 353 (Fla.1989). “Evidence [that] furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, is not sufficient to sustain conviction.” Ballard v. State, 923 So.2d 475, 482 (Fla.2006). The circumstantial evidence must exclude every reasonable hypothesis of innocence. “It is the actual exclusion of the hypothesis of innocence [that] clothes circumstantial evidence with the force of proof sufficient to convict.” Id. As our supreme court has explained, “Circumstantial evidence must lead to a reasonable and moral certainty that the accused and no one else committed the offense charged.” Cox, 555 So.2d at 353 (quoting Hall v. State, 90 Fla. 719, 107 So. 246 (1925)). With due respect for our colleague in dissent, the evidence in this case does not rise to that level.
For these reasons, we conclude that the evidence against the defendant was insufficient to support the jury verdicts and that the trial judge correctly granted the defendant’s post-verdict motion for judgment of acquittal.
Affirmed.
CLARK, J., concurs. THOMAS, J., dissents with opinion.