IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MAURICE AVERY STILLS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5310

_____/

Opinion filed January 20, 2015.

An appeal from the Circuit Court for Duval County.
J. Bradford Stetson, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Maurice Avery Stills, appeals his judgment and sentence for armed

robbery and raises four issues on appeal, only one of which warrants discussion.  For

the reasons that follow, we agree with Appellant that the trial court erred by denying

his amended motion for new trial based on a newly discovered evidence claim and, therefore, reverse and remand with instructions. We affirm as to the remaining issues without further comment.

At Appellant's trial for armed robbery, the State's theory of the case was that Appellant, Anton Watson, Jamiel Rivers, and Nelson Williamson made plans to rob the gas station where Mr. Watson worked; that while Mr. Watson was working, Appellant and Mr. Williamson robbed the gas station at gunpoint; and that Mr. Rivers drove the getaway car. Mr. Watson and Mr. Rivers both testified that Appellant and Mr. Williamson were the gunmen and Mr. Rivers drove Appellant's car, but their testimonies conflicted in several respects and minimized their own involvement. At the time of trial, Mr. Watson and Mr. Rivers had pled guilty to the armed robbery, as well as to tampering with evidence pursuant to their unsuccessful attempt at destroying the gas station's surveillance video, and were awaiting sentencing. When Appellant's vehicle was apprehended shortly after the crime, Appellant was the driver and Mr. Williamson was the passenger. The State presented evidence that the two guns found in Appellant's glove compartment were the firearms involved in the robbery, but did not contain his DNA. The State also produced evidence that Appellant was the major contributor to the DNA mixture found on one of the gloves that was used during the robbery, but Appellant testified that those were his work gloves. Appellant further testified that Mr. Rivers and Mr.

2

Williamson robbed the gas station and he drove his vehicle to and from the scene of the robbery without advance knowledge of the crime. The trial court instructed the jury on the crime of armed robbery, as well as on the law of principals and the lesser-included offense of theft. The jury returned a verdict finding Appellant guilty of robbery, and made specific findings that Appellant carried, but did not actually possess a firearm during the commission of the offense.

Prior to sentencing, Appellant filed an amended motion for new trial based on a newly discovered evidence claim, wherein he argued that following his trial, he received a letter from Mr. Williamson stating that Appellant did not participate in the robbery and had no advance knowledge of it. Appellant represented in his motion that the evidence could not have been obtained at the time of his trial because Mr. Williamson's case was still pending and thus he had the right to remain silent. Appellant argued that the evidence likely would have changed the jury's verdict because it pertained to the elements of armed robbery as a principal.

At the evidentiary hearing on the newly discovered evidence claim, Mr. Williamson testified in part that prior to Appellant's trial, he wrote three letters to Appellant, which he gave to fellow inmates for immediate delivery to Appellant. Mr. Williamson does not know whether the letters were actually delivered to Appellant, and he believes the letter in the defense's possession is his second letter. Mr. Williamson further testified that he, Mr. Watson, and Mr. Rivers planned the

3

robbery; he and Mr. Rivers robbed the gas station; and Appellant drove his car to and from the gas station, but did not participate in the robbery and did not know about it in advance. Appellant testified in part that he received Mr. Williamson's letter after his trial, and had he received it earlier, he would have provided it to his attorney. The trial court denied the amended motion for new trial, and subsequently adjudicated Appellant guilty of armed robbery and sentenced him to five years' imprisonment, with credit for time served. This appeal followed.

A trial court's decision on a motion for new trial based on newly discovered evidence is reviewed for an abuse of discretion. Aguirre-Jarquin v. State, 9 So. 3d 593, 603 (Fla. 2009). When a trial court rules on a newly discovered evidence claim after an evidentiary hearing, its findings on questions of fact, the credibility of witnesses, and the weight of the evidence are reviewed for competent, substantial evidence, whereas its application of the law to the facts is reviewed *de novo*. Pittman v. State, 90 So. 3d 794, 814 (Fla. 2011). To prevail on a newly discovered evidence claim, the defendant must establish: (1) "the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence," and (2) "'the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.'" Johnston v. State, 27 So. 3d 11, 18 (Fla. 2010) (quoting Jones v. State, 709 So. 2d 512, 521 (Fla. 1998)).

4

With regard to the first prong, "Florida courts have held that evidence can be treated as newly discovered where it is 'based on newly available testimony of defendants who were previously unwilling to testify.'" Brantley v. State, 912 So. 2d 342, 342-43 (Fla. 3d DCA 2005) (rejecting the State's argument that the co-defendant's affidavit did not qualify as newly discovered evidence because the co-defendant was known to the defense at the time of trial and reasoning that "[a]ccording to the Rule 3.850 motion, defense counsel tried to obtain the cooperation of co-defendant [], but co-defendant [] refused. Based on the limited record before us, it appears that defense counsel could not have procured co-defendant['s] [] testimony on account of the Fifth Amendment privilege against self incrimination") (quoting Totta v. State, 740 So. 2d 57, 58 (Fla. 4th DCA 1999)); see also Lowe v. State, 2 So. 3d 21, 39 (Fla. 2008) (finding that the witness's testimony at the evidentiary hearing on a motion to suppress met the first prong of the Jones standard "because her testimony about what happened . . . did not change until postconviction proceedings"); Kormondy v. State, 983 So. 2d 418, 438-39 (Fla. 2007) (affirming the denial of a new trial based on the second prong of the Jones standard and agreeing with the trial court that the first prong was met where the co-defendant did not testify at the appellant's trial, subsequently testified to the contrary at his own trial, and "only recently made the statement that is at issue here").

5

The second prong of the standard is satisfied if the newly discovered evidence "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability." Johnston, 27 So. 3d at 18-19. Specifically,

> "in determining whether the [newly discovered] evidence compels a new trial under [Jones v. State, 591 So. 2d 911 (Fla. 1991)], the trial court must 'consider all newly discovered evidence which would be admissible,' and must 'evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial.'" This determination includes "whether the evidence goes to the merits of the case or whether it constitutes impeachment evidence. The trial court should also determine whether the evidence is cumulative to other evidence in the case. The trial court should further consider the materiality and relevance of the evidence and any inconsistencies in the newly discovered evidence."

Nordelo v. State, 93 So. 3d 178, 186 (Fla. 2012) (internal citations omitted).

In the present case, the trial court did not make a factual finding as to whether Mr. Williamson's letter constituted newly discovered evidence. Instead, the court determined that "[e]ven assuming that it may have been newly discovered evidence, the Court does not find that the proper evidence would have likely changed the result of the jury trial in light of all of the circumstances . . . ." We disagree.

Importantly, while the jury's verdict demonstrates that it rejected Mr. Watson's and Mr. Rivers's testimony as to Appellant's role as a gunman, it also demonstrates its rejection of Appellant's claim that he had no advance knowledge of the robbery.[1] The contents of Mr. Williamson's letter and testimony pertain to

---

[1] The trial court instructed the jury in part that Appellant "cannot be found to have

the merits of the case. Although Mr. Williamson's testimony is inconsistent with the trial testimony of Mr. Watson and Mr. Rivers, it is consistent with Appellant's testimony that he did not participate in and had no advance knowledge of the robbery. We conclude that the evidence at issue weakens the case against Appellant so as to give rise to a reasonable doubt about his culpability, and the trial court erred by finding to the contrary. Because, however, the trial court did not make a factual finding as to whether the evidence was newly discovered, we reverse and remand with instruction that the trial court make a factual finding as to whether the evidence is newly discovered. See Hunter v. State, 87 So. 3d 1273, 1275 (Fla. 1st DCA 2012) ("[A] fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact."); see also Featured Props., LLC v. BLKY, LLC, 65 So. 3d 135, 137 (Fla. 1st DCA 2011) ("'Sitting as an appellate court, we

---

actually possessed a firearm if you believe that he was a principal to the crime charged, who did not personally possess a firearm." In light of the jury's verdict, the parties agree that Appellant was convicted as a principal. See Hall v. State, 100 So. 3d 288, 289 (Fla. 4th DCA 2012) ("To convict under a principals theory, the State is required to prove that 'the defendant had a conscious intent that the criminal act be done and . . . the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime.' '[T]he getaway driver *who has prior knowledge of the criminal plan* and is waiting to help the robbers escape' is clearly guilty of the robbery under a principals theory. But, '[n]either mere knowledge that an offense is being committed nor presence at the scene of the crime and flight therefrom are sufficient to establish participation with the requisite criminal intent.'") (Internal citations omitted).

7

are precluded from making factual findings ourselves in the first instance.'"). If the trial court determines that the evidence was newly discovered, Appellant will be entitled to a new trial.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.