IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENNETH GRANDISON,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4574

Opinion filed March 10, 2015.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Nancy A. Daniels, Public Defender, and Mark Graham Hanson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

MARSTILLER, J.

 In 2013, the State filed several charges—four felonies and three misdemeanors—against Kenneth Grandison in connection with the June 16, 2012, burglary of a convenience store in Escambia County. Specifically, the State charged Grandison with burglary of an unoccupied structure (Count 1); possession of burglary tools (Count 2); criminal mischief ($1,000 or greater) (Count 3); three

misdemeanors (Counts 4, 5 and 6) not at issue in this appeal; and driving while license cancelled, suspended or revoked—third conviction (Count 7). A jury found Grandison guilty on all counts after the trial court denied his motion for judgment of acquittal ("JOA") on Counts 1, 2 and 3. We conclude the State presented insufficient circumstantial evidence from which the jury could find Grandison guilty beyond a reasonable doubt on those counts, and the trial court should have granted Grandison's motion. We therefore reverse the convictions for burglary of an unoccupied structure, possession of burglary tools and criminal mischief.[1]

The State's second amended information read, in pertinent part:

> [Count 1] . . . **KENNETH LAMAR GRANDISON, on or about June 16, 2012** . . . did unlawfully and without a licensed or invited entry, attempt to enter an occupied or unoccupied dwelling or structure . . . with the intent to commit an offense therein; said offense or offenses . . . being **theft or criminal mischief or both** . . . and . . . entered or remained therein and caused damage to the said dwelling or structure or to property within the dwelling or structure in excess of $1,000[.]
>
> [Count 2] . . . **KENNETH LAMAR GRANDISON, on or about June 16, 2012** . . . did unlawfully possess a tool, machine, or implement, to-wit: **gloves, masks, crowbars and/or power tools** with the intent to use the same, or allow the same to be used, to commit a burglary or trespass[.]
>
> [Count 3] . . . **KENNETH LAMAR GRANDISON, on or about June 16, 2012** . . . did willfully and maliciously injure or damage by any means any real or personal

---

[1] Grandison does not challenge his convictions on the other four counts.

2

property belonging to another, **doors and security system** . . ., the damage to such property being $1,000 or greater[.]

The State supported its case with the following evidence:

- Testimony from lone eyewitness Marcus Seagraves that he saw two men at the closed convenience store—one who kept ducking behind bushes each time a car passed by and one breaking glass in the storefront; that a white car resembling an Oldsmobile drove up as he was calling law enforcement, and the ducking man got in the car while the glass breaker simply walked away; that he did not see what the glass breaker was using to try to get inside the store; and that he did not observe either man wearing a ski mask.

- Testimony that as responding sheriff's deputies were approaching the scene approximately two minutes after receiving the call about a burglary in progress, one deputy saw a white Oldsmobile driving down the street nearby and tried to effect a stop; that the driver and his two passengers jumped from the moving car and ran in an attempt to avoid being apprehended; that the driver was caught and subsequently identified as Grandison; that the arresting deputy searched the vehicle and found several ski masks, some gloves and a crowbar; and that the officer also observed a second crowbar, a mobile phone and a calculator on the street near the vehicle.

- Testimony that deputies found a small "hatchet-type" ax at the scene of the burglary, saw broken glass on the ground and part of the store's alarm system lying in an outdoor ashtray, and observed that someone had tried to pry open a door to the store.

- Testimony that laboratory analysis of DNA swabs taken from the items found in the white Oldsmobile and buccal swabs[2] taken from Grandison revealed he was a "possible [DNA] contributor" to the DNA profile from one of the ski masks; no testimony that DNA evidence or fingerprints linked Grandison to the other items found in and near the vehicle, or to the burglary scene.

---

[2] The FDLE lab scientist explained that a buccal swab collects skin cells from the inside of a person's cheek. The cells collected contain the person's DNA.

We review the trial court's denial of Grandison's motion for JOA *de novo*. *See Durousseau v. State*, 55 So. 3d 543, 556 (Fla. 2010); *State v. Sims*, 110 So. 3d 113, 115 (Fla. 1st DCA 2013). Generally, a motion for JOA should be denied "[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." *Westbrooks v. State*, 39 Fla. L. Weekly D1254, D1255 (Fla. 2d DCA June 13, 2014) (quoting *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002)). A defendant is entitled to a JOA "if there is no direct evidence of guilt and if the circumstantial evidence does not exclude every reasonable hypothesis of innocence." *Sims*, 110 So. 3d at 115 (citing *State v. Law*, 559 So. 187, 188-89 (Fla. 1989)).

The State's evidence against Grandison was all circumstantial. Viewed in a light most favorable to the State, see generally *Kish v. State*, 145 So. 3d 225, 227 (Fla. 1st DCA 2014), the evidence, and the permissible inferences from the evidence, cannot support a finding of guilt on the three counts at issue.

The State's evidence fails to connect Grandison to the burglary of the convenience store or to the physical damage to the premises. His only link to the crimes is as the driver of the vehicle that picked up the two men the eyewitness saw outside the convenience store. By itself, that fact does not allow an inference of guilt, and the remaining evidence does not cure the deficiency. The items found

4

in the white Oldsmobile Grandison was driving were not established, by DNA or fingerprint evidence, as having been used in the break-in, contrary to the State's assertion on appeal. Only one DNA-tested item—a ski mask—tagged Grandison as a *possible* DNA contributor. But the eyewitness testified he did not see either man at the burglary scene wearing a mask. Taken together, then, the State's circumstantial evidence is insufficient to place Grandison physically at the convenience store when the burglary and criminal mischief allegedly occurred. Absent an inference of guilt, we need not consider whether the evidence is inconsistent with Grandison's reasonable hypothesis of innocence.

The State argues that Grandison's flight from the scene, together with the evidence recited above, established, by inference, that Grandison had knowledge of and the intent to commit the burglary; thus there was enough evidence to withstand a motion for JOA. Indeed, he could be convicted as a principal for burglary and criminal mischief even though he was not at the convenience store during the pertinent period.[3] But the evidence still would be inadequate to sustain guilty

---

[3]

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

verdicts. "To convict under the principals theory, the State is required to prove "'the defendant had a conscious intent that the criminal act be done and . . . the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime.'"" *Hall v. State*, 100 So. 3d 288, 289 (Fla. 4th DCA 2012) (quoting *Smith v. State*, 76 So. 3d 1056, 1058 n. 3 (Fla. 4th DCA 2011)). "Neither mere knowledge that an offense is being committed nor presence at the scene of the crime and flight therefrom are sufficient to establish participation with the requisite intent." *Saffor v. State*, 558 So. 2d 69, 71 (Fla. 1st DCA 1990). Any other circumstantial evidence of the defendant's intent to participate in the crime "must not only be consistent with guilt but must also be inconsistent with any reasonable hypothesis of innocence." *Id.* Here, the State presented no evidence, other than his picking up the two men from the scene and later fleeing from sheriff's deputies, from which the jury could infer Grandison intended to participate in the burglary.

For similar reasons, the State's circumstantial evidence is not sufficient to prove Grandison intended that the items found in the vehicle be used to commit burglary. As previously observed, neither DNA nor fingerprint evidence connects

---

§ 777.011, Fla. Stat. (2012). The jury was instructed accordingly. *See* Fla. Std. Jury Instr. (Crim.) 3.5(a).

the items to the convenience store burglary. Therefore, to find Grandison guilty of possessing burglary tools, the jury would have had to infer first that he knew about the convenience store burglary beforehand, and then further infer that he intended to use the masks, gloves and crowbar to commit burglary. Circumstantial evidence is decidedly insufficient if it requires that kind of inference stacking to support a finding of guilt. *See Miller v. State*, 777 So. 2d 1144, 1149 (Fla. 2000); *Brown v. State*, 672 So. 2d 648, 650 (Fla. 4th DCA 1996).

Finding the State's evidence inadequate to allow the jury to infer Grandison's guilt, we conclude the trial court should have granted the motion for JOA on the charges of burglary, possession of burglary tools and criminal mischief. Accordingly, we reverse the convictions on Counts 1, 2 and 3. We further vacate the sentence on Count 7 and remand for rescoring and resentencing. *See State v. Anderson*, 905 So. 2d 111, 115 (Fla. 2005).

REVERSED and REMANDED.

ROBERTS and SWANSON, JJ., CONCUR.

7