DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYRONE JAVELLANA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1952

[June 24, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 10-003225 CF10B.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Tyrone Javellana ("the defendant") appeals his conviction for financial exploitation of an elderly person or disabled adult, arguing that his motion for judgment of acquittal should have been granted. We agree, and we reverse and remand for the trial court to discharge the defendant.

The evidence at trial showed that the defendant and his wife, who was a co-defendant, were well acquainted with Mary Teris, an elderly woman with a vast financial estate. The defendant's wife worked at an investment firm and she began assisting with Teris' account in the early 1980s. In 1996, Teris executed a will, a special needs trust, and a revocable trust. The estate plan focused on the long-term care of Teris' adult sons, who were not capable of independent living.

Beginning in 2008, Teris made multiple amendments to the estate documents, under the advice of a different attorney than the one who had drafted the original documents. The successor attorney testified he considered himself a "good friend" of the defendant's wife, who referred

him business and also referred Teris to him "to review her trust and make some changes."

The documents were amended so that, ultimately, the defendant and his wife were residual beneficiaries of the estate. The defendant and his wife served as witnesses to Teris' execution of some of the amendments, and at some point in time, his wife became aware of the substance of the amendments. However, there was no evidence that the defendant, who also chauffeured Teris on errands, had any knowledge of a plan to exploit the victim. As for Teris' mental capacity at the time she executed the amendments to her estate documents, there was conflicting evidence before the jury.

On appeal, the defendant argues that his conviction under a principals theory constituted error as there was no evidence he participated in the exploitation. We agree.

> To convict under a principals theory, the State is required to prove that the defendant had a conscious intent that the criminal act be done and . . . the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime.

*Hall v. State*, 100 So. 3d 288, 289 (Fla. 4th DCA 2012) (citation and internal quotation marks omitted).

Guilt as a principal may be established by circumstantial evidence, "but such evidence must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence; evidence which establishes nothing more than a suspicion, or even probability, of guilt is not sufficient." *K.O. v. State*, 673 So. 2d 47, 48 (Fla. 4th DCA 1995) (citation omitted).

The state points to the following evidence of its allegations that the defendant aided and abetted his wife's exploitation of Teris: 1) that the defendant had a long-standing relationship with Teris and should have known she was incapacitated, 2) that he drove Teris to the attorney's office, where she executed the estate document amendments that were favorable to him, 3) that he and his wife waited until Teris had severe dementia to have the attorney draft the amendments, and 4) that two weeks after they were given power of attorney, they used the health care surrogate document to arrange for a mental health physician to conduct a "court-ordered" mental competency evaluation of Teris when in fact

2

there was no such court order.

While we do not decide whether there was sufficient evidence to establish that the defendant's wife exploited Teris, we find the evidence was insufficient, however, to allow the jury to infer that the defendant aided and abetted or otherwise willingly participated in any such exploitation. The state points to no evidence establishing that the defendant was ever aware that Teris was amending her estate documents to benefit the defendant and his wife. There was no evidence that the defendant was involved in arranging the appointment for a court-ordered mental competency evaluation or that the defendant even spoke to his wife about Teris' estate. There was simply no evidence that the defendant knew anything about Teris' estate or of any plan by his wife to exploit Teris; thus, there was no evidence of his conscious intent that the crime be committed.

Additionally, the web of circumstantial evidence introduced against the defendant did not refute the obvious hypothesis of innocence—that the defendant was simply helping Teris, someone he knew for many years, by serving as her occasional driver and witnessing the execution of document revisions at the office of Teris' attorney.

Accordingly, we reverse and remand to the trial court to vacate the conviction, enter a judgment of acquittal as to the charged offense, and discharge the defendant.

*Reversed and remanded with directions.*

FORST and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3