459 So.2d 1030 (1984)
Connie Faye LINCOLN, Petitioner,
v.
STATE of Florida, Respondent.
No. 64816.
Supreme Court of Florida.
November 21, 1984.
James B. Gibson, Public Defender and Larry B. Henderson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Fifth District, in Lincoln v. State, 444 So.2d 27 (Fla. 5th DCA 1983), which the district court has certified to be in express and direct conflict with A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982), *1031 and Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla. 1983). The district court held that the driving of a getaway car in an elusive manner in an attempt to avoid the police created a prima facie case from which the finder of fact at trial could properly infer complicity to commit the crime. We agree that, under the particular facts of the case before us, a prima facie case was made, and we approve the district court's affirmance of defendant's conviction of robbery.
Defendant drove her husband to a drugstore and waited for him in the automobile outside the drugstore while he went in and robbed the store at gunpoint. She then drove him from the scene of the robbery. They were pursued by law enforcement officers in a high-speed chase for four miles before she stopped the automobile. She was charged and convicted of robbery.
Defendant appealed to the district court and argued that the evidence was not sufficient to sustain the robbery conviction. The district court acknowledged that several Florida cases have held that merely driving the perpetrator to and from the scene of the offense, absent any other incriminating involvement, is insufficient circumstantial evidence of the requisite intent to participate in the offense itself. It determined that the issue to be addressed in the present case was whether the added element of flight and police pursuit of the vehicle supplies the evidentiary basis for a finding of criminal intent. The Fifth District affirmed the conviction and held that the driving of a getaway car in an elusive manner in an attempt to avoid the police creates a prima facie case from which the finder of fact at trial may properly infer complicity in intent to commit the crime. Judge Dauksch, concurring specially, explained that the evidence of robbery in the present case is much stronger here than in A.Y.G. or Gains and that those cases are based on their distinct factual bases. Here, he points out, defendant knew in advance that her husband was intending to commit a robbery.
The present case is not factually on all fours with A.Y.G. and Gains because in those cases there was no evidence that defendants who drove the getaway cars knew of the crimes until after they occurred. In Gains, the First District concluded that the mere fact that Gains fled the scene after the crime does not exclude the reasonable inference that he had no knowledge of the crime until it actually occurred and thus did not intend to assist in its commission. In A.Y.G., the Third District held that the evidence that the defendant was present at the scene of the crime and drove the getaway car at the request of the perpetrator of the burglary does not exclude the reasonable inference that the defendant did not have knowledge of the crime until after it occurred.
In the present case, the evidence is stronger than in Gains and A.Y.G. Here, there is evidence from which the finder of fact could conclude that defendant knew that her husband was going to commit a robbery when she drove him to the drug-store.
Defendant argues that the only proof of her guilt in this case is circumstantial and that her conviction cannot be sustained because the evidence is not inconsistent with any reasonable hypothesis of innocence. The state responds that it is not required to disprove every possible hypothesis of innocence and that, in the present case, the jury rejected as unreasonable defendant's hypothesis of innocence.
Discussing the sufficiency of circumstantial evidence, in State v. Allen, 335 So.2d 823, 826 (Fla. 1976), we said:
We are well aware that varying interpretations of circumstantial evidence are always possible in a case which involves no eye witnesses. Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for *1032 these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime.
Most recently in Heiney v. State, 447 So.2d 210 (Fla. 1984), we held that in a circumstantial evidence case "[t]he question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse a judgment based upon a verdict returned by the jury." 447 So.2d at 212. See also Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
The evidence in the present case is legally sufficient to convict the defendant of robbery.
Accordingly, the result of the decision of the district court to affirm defendant's conviction is approved. We, however, disapprove the district court's conclusion that driving a getaway car in an elusive manner in an attempt to avoid the police with nothing more creates a prima facie case from which the finder of fact at trial may properly infer complicity in intent to commit the crime.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.