472 So.2d 770 (1985)
Bruce Roberts HERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-750.
District Court of Appeal of Florida, Fifth District.
June 20, 1985.
Rehearing Denied July 17, 1985.
William N. DeCarlis, of William N. DeCarlis, P.A., Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The appellant was charged in alternate counts with second degree murder and manslaughter. The trial court granted a *771 judgment of acquittal on the murder count but permitted the case to go to the jury on the manslaughter charge. The jury found the appellant guilty, and he appeals the trial court's denial of his motion for judgment of acquittal. We affirm.
The victim in this case, Carol Rene Yates, died of an overdose of cocaine which had been injected into her right arm. The cocaine overdose caused the victim to violently convulse resulting in hemorrhaging in her nose and mouth which blocked the passage of air to her lungs. On the manslaughter count, the State charged that the appellant was criminally responsible for the victim's death by failing to summon emergency medical assistance for her when she started convulsing shortly after being injected with the cocaine. Although the appellant could not be found guilty of manslaughter in the instant case if he simply failed to summon proper medical assistance for the victim, Bradley v. State, 79 Fla. 651, 84 So. 677 (1920), he is criminally responsible for her death if he in some way was responsible for the condition of the victim which required medical assistance, and from which she died. See Tongay v. State, 79 So.2d 673 (Fla. 1955).
A defendant, in moving for a judgment of acquittal, admits not only the facts stated and the evidence adduced, but also admits, for the purpose of the motion, every conclusion favorable to the State that a jury might reasonably infer from the evidence. The court should not grant the motion unless the evidence is such that no view which the jury may lawfully take of it favorable to the State can be sustained under the law. Lynch v. State, 293 So.2d 44 (Fla. 1974). We conclude that the evidence presented by the State was sufficient to submit to the jury.
During the State's presentation of its case, evidence was adduced which showed that Yates met the appellant on the evening before her death at a party in appellant's apartment. There was testimony that marijuana was in use. There was also testimony that the appellant had been flirting with the victim at the party. Yates spent the night in the appellant's apartment in a spare bedroom. She left the next morning and returned about 1:00 P.M. that same day. Two of the State's witnesses testified that the appellant called the victim repeatedly that morning and asked her to come back to his apartment on the afternoon she died. Although the victim was addicted to cocaine there was testimony that she never injected herself. She was found with only 51 cents in her purse, and there was testimony that she did not have any money with her the evening before her death.
The defendant's version of the incident was related to the jury during the State's case through the testimony of Investigator Hudson of the Volusia County Sheriff's Department. Hudson testified that according to the defendant, the victim returned to the apartment at approximately 1:00 P.M. Defendant told the investigator that he and the victim sat and talked until approximately 4:00 P.M. when the defendant received a phone call from his father asking about the location of some sales brochures. Defendant said that he left the apartment, and was gone about 20 minutes. When he returned, he found Yates on his bed, naked from the waist up, and in severe convulsions. He claimed that he attempted to give her mouth-to-mouth resuscitation for between one and two hours although he felt within a few minutes that she was dead. He never summoned emergency assistance. When his efforts to revive her failed, he contacted his father. Appellant's father allegedly told him that before they could even report the death, they had to learn the victim's identity because the appellant only knew the victim's first name. It supposedly took two more hours to learn the victim's last name. Although the victim died at approximately 5:00 P.M. the Sheriff's Department was not contacted until 8:00 P.M. that evening. Appellant's father did not testify.
The investigation by the Sheriff's Department revealed no evidence of cocaine or other drugs, nor was any syringe or drug paraphernalia found on the victim or *772 her belongings in the appellant's apartment. Although the appellant maintains that he gave the victim mouth-to-mouth resuscitation for over an hour, photographs introduced during the State's case show that the victim was bleeding profusely from her nose and mouth, yet the appellant's clothing did not appear bloody, and there were no towels found stained with the victim's blood, such as would indicate that he had cleaned the victim's blood from his person.
The Florida supreme court has addressed the sufficiency of circumstantial evidence to support a conviction in several recent cases. Summarizing those cases, in Lincoln v. State, 459 So.2d 1030 (Fla. 1984) the court said:
Discussing the sufficiency of circumstantial evidence, in State v. Allen, 335 So.2d 823, 826 (Fla. 1976), we said:
We are well aware that varying interpretations of circumstantial evidence are always possible in a case which involves no eye witnesses. Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime.
Most recently in Heiney v. State, 447 So.2d 210 (Fla. 1984), we held that in a circumstantial evidence case "[t]he question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse a judgment based upon a verdict returned by the jury." 447 So.2d at 212. See also Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
The circumstantial evidence indicates that the appellant summoned the victim over to his apartment. The victim had no money of her own on the evening before her death. The medical testimony supports the conclusion that the convulsions began about 15-20 minutes after the cocaine was injected, and that death ensued a few minutes thereafter when the bleeding in the nose and mouth closed up the airway. The jury did not have to believe that appellant ever left the apartment, or that the victim injected herself with cocaine (which the circumstances indicate she did not) or more significantly, that she would have had any reason to dispose of the syringe and needle if she had injected herself. The fact that the appellant did not summon emergency help or that he waited several hours before contacting the Sheriff's Department could lead the jury to conclude that the appellant needed the time to destroy the incriminating evidence in his apartment and fabricate an explanation which would exculpate him. The duration and manner in which the appellant administered mouth-to-mouth resuscitation would also appear incredible. The conclusion which could be drawn from this circumstantial evidence was that the defendant's depiction of what occurred was not plausible and that the defendant supplied or administered the cocaine, then tried to cover up the deed when the victim died.
Because the State was not obligated to rebut conclusively every possible variation or to explain every possible construction of the evidence in a way which is consistent only with the allegations against the defendant, Lincoln, supra, the trial court properly denied defendant's motion for judgment of acquittal and properly submitted the case to the jury. Whether the evidence supported a conviction was for the jury to determine. The judgment is affirmed.
AFFIRMED.
COBB, C.J., and COWART, J., concur.