PER CURIAM.
The defendants Fernando Berriel and Juan Garzzon appeal from adverse judgments of conviction and sentences for the grand theft of certain tool boxes entered below upon a jury verdict. The defendants’ sole point on appeal is that the defendants’ explanation as to their presence in the cellar of an apartment building where they were apprehended in possession of the stolen tool boxes herein presented a reasonable hypothesis of innocence as a matter of law, and that the trial court committed reversible error in denying their motion for judgment of acquittal below. We disagree. Without going into the details of the explanation adduced, suffice it to say that it was not so inherently reasonable that no reasonable jury could have rejected it. The explanation, on its face, was at least arguably farfetched and was uncorroborated by any other evidence; the jury was therefore free to disregard it as, in fact, they did. Moreover, the fact that the state presented no witness or physical exhibit to directly refute the alleged truth of the asserted explanation does not, under *1148 the circumstances of this case, change this result. See, e.g., Lincoln v. State, 459 So.2d 1030, 1031-32 (Fla.1984); Heiney v. State, 447 So.2d 210, 212 (Fla.1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521, 523 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); State v. Allen, 335 So.2d 823, 826 (Fla.1976); J.J. v. State, 463 So.2d 1168 (Fla. 3d DCA 1984); Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983).
Affirmed.