555 So.2d 352 (1989)
Robert Craig COX, Appellant,
v.
STATE of Florida, Appellee.
No. 73150.
Supreme Court of Florida.
December 21, 1989.
Rehearing Denied February 12, 1990.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Paula C. Coffman, Fleming Lee and Pamela D. Cichon, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
Robert Cox appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. Finding the evidence insufficient to support the conviction, we reverse it, vacate the death sentence, and direct that Cox be acquitted of this charge.
The nineteen-year-old victim disappeared after leaving work at Walt Disney World around 10:00 p.m., December 30, 1978. On January 3, 1979 her car was found in an orange grove in Orange County; her fully clothed body was found submerged in a sewage lift station near the car the following day. In the early morning of December 31, 1978 a security guard at a motel located adjacent to that lift station investigated a report of an injured person in a room rented to Cox and his parents. Part of Cox' tongue had been bitten off, and his tongue had to be repaired surgically. Although they questioned Cox regarding the murder, the authorities did not charge him at that time.[*] In 1986 Cox pled guilty to one count of kidnapping and two counts of assault with a deadly weapon in California and received a nine-year prison term. Florida *353 authorities arrested Cox in jail, and he was returned to Florida and tried in 1988. Cox adamantly and continuously proclaimed his innocence, and the state produced no direct evidence of his involvement in the victim's death. Rather, the state relied totally on circumstantial evidence.
This Court has long held that
one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt. It is the responsibility of the State to carry this burden. When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant's guilt but it must also be inconsistent with any reasonable hypothesis of innocence.
Davis v. State, 90 So.2d 629, 631 (Fla. 1956); McArthur v. State, 351 So.2d 972 (Fla. 1977). Circumstantial evidence must lead "to a reasonable and moral certainty that the accused and no one else committed the offense charged." Hall v. State, 90 Fla. 719, 720, 107 So. 246, 247 (1925). Circumstances that create nothing more than a strong suspicion that the defendant committed the crime are not sufficient to support a conviction. Williams v. State, 143 So.2d 484 (Fla. 1962); Davis; Mayo v. State, 71 So.2d 899 (Fla. 1954).
One of this Court's functions in reviewing capital cases is to see if there is competent substantial evidence to support the verdict. Williams v. State, 437 So.2d 133 (Fla. 1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984). After reviewing this record, we find that the state's evidence is not sufficient to support Cox' conviction.
In the victim's car investigators found a hair, some O-type blood, and a boot print, none of which belonged to the victim. These items, along with bite-mark testimony and Cox' presence in the area, comprised the state's circumstantial evidence. Although a hair-comparison expert testified that the hair was consistent with Cox' hair, hair analysis and comparison are not absolutely certain and reliable. Horstman v. State, 530 So.2d 368 (Fla. 2d DCA), review denied, 539 So.2d 476 (Fla. 1988); Jackson v. State, 511 So.2d 1047 (Fla. 2d DCA 1987). Although a serologist testified that Cox has type O blood, he also testified that forty-five percent of the world's population has type O blood. Although a nonexpert testified that the boot print appeared to have been made by a military-type boot and although Cox was in the United States Army and was wearing army boots when admitted to the hospital, his boots were not compared with the boot print. Although a surgical assistant testified that she thought the damage to Cox' tongue was more consistent with someone other than Cox having bitten his tongue, no such tissue was found in the victim or her car. Cox did not know the victim, and no one testified that they had been seen together. Although state witnesses cast doubt on Cox' alibi, the state's evidence could have created only a suspicion, rather than proving beyond a reasonable doubt, that Cox, and only Cox, murdered the victim.
We hold, therefore, that the evidence is insufficient to support Cox' conviction. Accordingly, we vacate Cox' death sentence, reverse his conviction, and remand to the trial court with directions to enter an order of acquittal for this crime.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Cox, in the army at the time of the homicide, was a stranger to Central Florida and was on a holiday with his parents.