689 So.2d 1055 (1997)
Robert J. LONG, Appellant,
v.
STATE of Florida, Appellee.
No. 83593.
Supreme Court of Florida.
March 6, 1997.
*1056 James Marion Moorman, Public Defender and A. Anne Owens, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Appellant.
Robert A. Butterworth, Attorney General and Robert J. Landry, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Robert J. Long, a/k/a Bobby Joe Long. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Long is a serial killer who has had two separate cases before this Court involving the death penalty: one for the murder of Virginia Johnson (this case) and one for the murder of Michelle Simms.[1] The Simms conviction was the result of a Hillsborough County plea agreement between the State and Long, in which Long pleaded guilty to eight murders in exchange for life sentences on all but the Simms murder. In the Simms case, the State was allowed to seek and Long was eventually sentenced to the death penalty. The agreement provided that the State would not use the convictions obtained through the plea agreement in subsequent proceedings. The instant case, which involves the Johnson murder, occurred in Pasco County and is now before us for the third time.[2]
A number of the problems surrounding this case have involved the use of facts from the Hillsborough County cases to obtain a conviction in this case. In analyzing the issues before us here, we must emphasize the importance of upholding the Hillsborough plea agreement to sustain the eight murder convictions obtained against Long through that agreement. Because of the limited evidence available in this case due to that agreement, we are compelled to conclude that there is insufficient evidence available to find Long guilty beyond a reasonable doubt of the first-degree murder at issue. As a result, we must reverse the conviction in this case.
*1057 The facts of this case as presented at trial are as follows. Virginia Johnson was an eighteen-year-old prostitute who was last seen around the middle of October 1984. On November 6, 1984, the skeletal remains of her body were discovered off a dirt road in Pasco County, Florida. Bones, hair, panties, two shoelaces, and a cloth item were found with the remains. One shoelace had been wrapped twice around the victim's neck. The other shoelace was found wrapped around the victim's hand. It was estimated that the victim had been dead from ten to fifteen days. The cause of death was most likely the result of "homicidal violence, probably garrotment." The victim was identified through dental records.
On November 16, 1984, Long was arrested for the abduction of Lisa McVey, who was allowed to testify in this case as to some of the details of her abduction. After Long was arrested in the McVey case, his automobile was impounded and an extensive search of the vehicle was conducted. Two hairs found in the car were consistent with the victim's hair in this case. Additionally, a carpet fiber found at the crime scene matched the carpet of Long's automobile.
The State introduced a portion of a videotaped CBS interview of Long. In the tape, Long specifically referred to abducting McVey and gave vague references to the fact that he had killed others. In addition to other statements, he told the interviewer:
When I saw them walking down the street, it was like A, B, C, D. I pull over, they get in, I drive a little ways, stop, pull a knife, a gun, whatever, tie them up, take them out. And that would be it. And they all went exactly the same until McVey came along.
On this evidence, Long was convicted of first-degree murder.
At the penalty-phase proceeding, the State relied on the evidence produced at trial and introduced evidence of Long's prior convictions, including burglary, kidnapping, armed robbery, and several sexual batteries. No murder convictions were introduced. Long put on no evidence in mitigation. The jury recommended death by a vote of seven to five. The trial judge followed that recommendation, finding three factors in aggravation,[3] one statutory mitigating factor,[4] and several non-statutory mitigating factors.[5]
Long raises twelve issues in this appeal,[6] one of which we find to be dispositive.
Long argues that the evidence in this case is insufficient to sustain the conviction for first-degree murder. Based on the evidence presented, the law requires us to agree. The State bears the responsibility of proving a defendant's guilt beyond and to the exclusion of a reasonable doubt. Cox v. State, 555 So.2d 352 (Fla.1989); Davis v. State, 90 So.2d 629 (Fla.1956). In order for the State to prove premeditated first-degree murder through circumstantial evidence, the evidence must be inconsistent with any reasonable hypothesis of innocence. Bedford v. State, 589 So.2d 245 (Fla.1991), cert. denied, 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992); Wilson v. State, 493 So.2d 1019 *1058 (Fla.1986); McArthur v. State, 351 So.2d 972 (Fla.1977). The question of whether the evidence is inconsistent with any other reasonable inference is a question of fact for the jury. Bedford, 589 So.2d at 250; Holton v. State, 573 So.2d 284 (Fla.1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). Nevertheless, a jury's verdict on this issue must be reversed on appeal if the verdict is not supported by competent, substantial evidence. Evidence that creates nothing more than a strong suspicion that a defendant committed the crime is not sufficient to support a conviction. Cox; Scott v. State, 581 So.2d 887 (Fla.1991); Williams v. State, 143 So.2d 484 (Fla.1962).
In this case, the State introduced evidence that Long abducted and then released McVey; that a search of Long's car after he was apprehended for the McVey abduction revealed two hairs consistent with that of the victim; that a carpet fiber from the scene of the crime matched the carpet in Long's car; and that Long made vague statements to the effect that he had killed "others." While the hair and fiber evidence in conjunction with the other evidence in this case certainly raises a very strong suspicion that Long killed the victim, we find that it is insufficient to establish beyond a reasonable doubt that he did so. First, no one saw Long with the victim, and no statements were introduced in which Long stated that he killed the victim in this case. Further, as explained below, the critical evidence linking Long to the murder in this case, the two strands of hair and the carpet fiber, is not competent to support the conviction.
Hair comparisons cannot constitute a basis for positive personal identification because hairs from two different people may have precisely the same characteristics. Scott v. State, 581 So.2d 887 (Fla.1991); Cox; Horstman v. State, 530 So.2d 368 (Fla. 2d DCA), review denied, 539 So.2d 476 (Fla. 1988); Jackson v. State, 511 So.2d 1047 (Fla. 2d DCA 1987). Moreover, even where evidence does produce a positive identification, such as fingerprints, the State must still introduce some other evidence to link a defendant to a crime. See, e.g., Jaramillo v. State, 417 So.2d 257 (Fla.1982) (where only evidence connecting defendant to crime was fact that defendant's fingerprints were left at scene, evidence insufficient to convict). Here, the other evidence connecting Long to this murder was the carpet fiber; yet the State introduced no evidence to indicate that the carpet fiber could have come only from Long's car or that the carpet was placed in only a few cars.
The facts of this case are similar to those presented to us in Cox. In that case, the evidence reflected that hair and blood consistent with the defendant's were found in the victim's car. Also found in the car was a boot print that appeared to have been made by a military boot and the defendant was in the military. The defendant did not know the victim and no one testified that they had been seen together. While we noted that this evidence created a suspicion that Cox had murdered the victim, it did not prove beyond a reasonable doubt that he had done so. This was especially true given that hair analysis and comparison is not an absolutely certain and reliable method of identification. Just as we were compelled to find the evidence insufficient in Cox, so, too, must we do here.
In holding that the evidence in this case was insufficient, we recognize that the State was limited in the evidence it could introduce given our previous rulings in this case. However, as we indicated previously, the evidence that could be introduced in this case was extremely limited because of previously committed errors and the need to uphold the Hillsborough County plea agreement. In fact, in one of his other issues in this proceeding, Long contends that the evidence introduced regarding the McVey incident violated that agreement. Our resolution of the sufficiency-of-the-evidence claim, however, precludes the need for this Court to address the proper admission of that evidence.[7]
*1059 Accordingly, for the reasons expressed, we vacate Long's death sentence, reverse his conviction, and remand to the trial court with directions to enter an order of acquittal for this crime.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] See Long v. State, 610 So.2d 1268 (Fla.1992), cert. denied, 510 U.S. 832, 114 S.Ct. 104, 126 L.Ed.2d 70 (1993).
[2] Long v. State, 517 So.2d 664 (Fla.1987); Long v. State, 610 So.2d 1276 (Fla.1992).
[3] Long was previously convicted of another violent felony, the murder was especially heinous, atrocious, or cruel (HAC), and the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification (CCP).
[4] Long's capacity to conform his conduct to the requirements of law was substantially impaired.
[5] Long was slightly remorseful, had rescued a cousin from drowning, was a good father, had mental problems that did not reach a statutory mitigating level, and was mistreated as a child.
[6] Long contends that (1) the trial judge erroneously allowed the testimony of Lisa McVey regarding her abduction by Long; (2) the trial judge erred in admitting into evidence the CBS taped interview of Long because Long was told it could not be used against him; (3) the trial judge erred in admitting the taped interview because it was irrelevant and concerned crimes that were excluded by the plea agreement; (4) the trial judge erred in allowing opinion testimony by a hair and fiber expert; (5) the evidence was insufficient to sustain a conviction; (6) hearsay evidence on other victims in police reports was erroneously read to the jury; (7) the murder was not CCP; (8) the jury instruction on HAC was unconstitutional; (9) the murder was not HAC; (10) the trial judge improperly found and weighed factors in mitigation; (11) the death penalty is inappropriate under the circumstances of this case; and (12) the death penalty is unconstitutional.
[7] We note that in Crump v. State, 622 So.2d 963 (Fla.1993), the defendant was convicted on evidence similar to that presented in this case. However, in that case, the defendant had confessed to a previous murder that was almost identical to the crime at issue and that previous murder was used to prove identity under the Williams rule. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). While we did state in Long v. State, 610 So.2d 1276 (Fla.1992), that the McVey abduction could be used to prove identity, we did not do so in the Williams rule context; we did so to enable the State to show how Long was apprehended and identified as possibly being connected to this crime. Further, Long did not kill McVey and the McVey incident is insufficiently similar to qualify for admission under the Williams rule.