THOMAS, J.,
Dissenting.
I respectfully dissent, because we should reverse the trial court’s order which improperly granted a motion for judgment of acquittal, contrary to binding precedent of the Florida Supreme Court. State v. Law, 559 So.2d 187 (Fla.1989); Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), review dismissed, 504 So.2d 762 (Fla.1987). The State presented competent circumstantial evidence that was inconsistent with any reasonable hypothesis of innocence that Appellee was not the driver during the shooting. Serrano v. State, 64 So.3d 93 (Fla.2011) (State presented sufficient circumstantial evidence contradicting defendant’s elaborately planned alibi evidence establishing a jury issue of whether defendant killed four murder victims). Thus, we should reverse the trial court’s order granting a judgment of acquittal to Appellant, because the trial court did not correctly view the evidence, which was legally sufficient to submit to the jury, in a light most favorable to the State.
In addition to reversing the trial court’s order, I would certify a question of great public importance regarding whether the Florida Supreme Court should reconsider the “special standard” of appellate review of criminal convictions based on circumstantial evidence, which requires the State to contradict any reasonable hypothesis of innocence. I agree with the insightful analysis expressed by Judge Lawson and the Fifth District in Knight v. State, 107 So.3d 449 (Fla. 5th DCA 2013), which recognized that the special standard of review in circumstantial-evidence criminal cases is inconsistent with the Florida jury instruc *118 tions, federal law, and the majority of state jurisdictions.
The standard of appellate review in direct-evidence criminal convictions requires that the verdict be supported by competent, substantial evidence as to each element of the offense from which a rational trier of fact could convict. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). By contrast, the current “special standard” applicable in circumstantial-evidence cases requires that the evidence, when viewed in a light most favorable to the State, must exclude any reasonable hypothesis of innocence. Law, 559 So.2d at 189. This “special standard” is not conducive to an objective rule of law, and the standard results in appellate courts reweighing evidence, which was prohibited more than thirty years ago in Tibbs v. State, 397 So.2d 1120 (Fla.1981). In addition, appellate courts have reached inconsistent results regarding whether the special standard of review even applies. Compare State v. Burrows, 940 So.2d 1259, 1262 (Fla. 1st DCA 2006) (because State’s witness testified substance was cocaine, State was “not solely relying upon circumstantial evidence because establishing the substance was cocaine was the second element of the crime.”) with Alleyne v. State, 42 So.3d 948, 950 (Fla. 4th DCA 2010) (“Where proof of an element of the crime is based wholly on circumstantial evidence, [the] special standard of review applies.”)
The “rational trier of fact” standard of review applicable in Florida in direct-evidence cases meets federal constitutional requirements and properly honors the role of the jury in criminal cases. In Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court recognized that “Only under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt could this petitioner’s challenge be sustained. That theory the Court has rejected in the past. Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150. We decline to adopt it today.”
Applying a different legal standard of appellate review merely because of the type of evidence involved is not grounded in law or logic. Circumstantial evidence can be far more probative than direct evidence. This court should therefore request the Florida Supreme Court to consider adopting the “rational trier of fact” standard of appellate review in all criminal cases, which would improve the administration of justice.
7. The Majority Opinion Incorrectly Upholds the Trial Court’s Order Which Misapplied Current Law on Circumstantial Evidence
It is axiomatic that proof based entirely on circumstantial evidence can sustain a criminal conviction in Florida. Durousseau v. State, 55 So.3d 543, 557 (Fla.2010); Law, 559 So.2d at 187; Toole v. State, 472 So.2d 1174, 1176 (Fla.1985) (citing Heiney v. State, 447 So.2d 210, 212 (Fla.1984)), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983). In circumstantial-evidence cases, the supreme court has held that the trier of fact, not the courts, must decide whether such evidence is “inconsistent” with a reasonable hypothesis of innocence. Law, 559 So.2d at 192. The State is not required to conclusively rebut the defendant’s claim of innocence, but only submit competent evidence as to each element of the charged offense, upon which a jury could find the defendant guilty should it choose to reject the defendant’s hypothesis of innocence.
Contrary to the majority’s incorrect summation of the evidence, the jury verdicts convicting Appellee of aggravated *119 assault and aggravated battery with a firearm were based on legally sufficient evidence: Appellee drove to the park just before the shooting, where a fight occurred between Appellee’s co-defendant, Tarrance Webb, and the shooting victims; eyewitnesses identified the car used in the drive-by shooting as Appellee’s car; and most significantly, the jury convicted the shooter, Appellee’s co-defendant, finding beyond a reasonable doubt that the shots were fired from Appellee’s car by his friend and co-defendant.
Thus, there is direct evidence that Ap-pellee’s ear was used to transport the drive-by shooter (Webb), and circumstantial evidence that Appellee was driving his car while Webb shot the victims; therefore, the special standard of review required in circumstantial-evidence cases applies only to the element of identity. See Walker v. State, 957 So.2d 560, 577 (Fla.2007) (holding where State presents direct evidence that defendant killed victim, establishing actus reus of murder, but defendant denied intentionally killing the victim, special rule regarding circumstantial evidence applies only to mens rea).
In fact, it is questionable whether the special standard of appellate review applies here at all, as the jury actually heard direct evidence of Appellee’s guilt. Appel-lee’s co-defendant impeached a State witness with a prior inconsistent statement in which the witness identified Appellee as the driver of the car during the shooting. Appellee then questioned the witness and established that this prior statement identifying Appellee was a sworn statement to law enforcement. Neither Appellee nor his co-defendant requested a limiting instruction under section 90.801(2)(a), Florida Statutes. Thus, this is direct evidence identifying Appellee as the driver during the shooting. Baugh v. State, 961 So.2d 198, 208 n. 5 (Fla.2007) (“ ‘Direct evidence is that to which the witness testifies of his own knowledge as to the facts at issue. Circumstantial evidence is proof of certain facts and circumstances from which the trier of fact may infer that the ultimate facts in dispute existed or did not exist.’ ” (quoting Davis v. State, 90 So.2d 629, 681 (Fla.1956)). During closing arguments, both the State and defense counsel discussed this sworn pre-trial statement identifying Appellee.
But in opposing Appellee’s motion for judgment of acquittal, the State did not argue that because Appellee had agreed to admitting this impeachment evidence identifying him as being present during the shooting, without a limiting instruction, this testimony transformed the case from one based solely on circumstantial evidence to a case based on both direct and circumstantial evidence. Therefore, although this is not a case which is “wholly circumstantial,” Bussell v. State, 66 So.3d 1059, 1062 (Fla. 1st DCA 2011) (holding case not “entirely circumstantial” where defendant stipulated that computer files contained child pornography, but argued State had not proven constructive possession), we must apply the special standard of review required in cases based on circumstantial evidence. Regardless of this fact, however, the evidence is relevant to our review, even under the special standard, as it tends to show that Appellee committed the crime. Furthermore, the fact that the witness disputed his own pretrial statements identifying Appellee as the driver goes to the weight of the evidence, because Appellee agreed to its admissibility, which is within the province of the jury to consider. Tibbs, 397 So.2d at 1123 (“an appellate court should not ... reweigh conflicting evidence submitted to a jury....). However, it cannot be properly ignored by this court as, at the very least, the evidence can and does contradict Ap- *120 pellee’s pre-trial assertion that he was not in his car during the shooting.
Contrary to binding Florida Supreme Court precedent, the majority’s decision to affirm the trial court’s post-verdict judgment of acquittal effectively requires direct evidence to establish identity. Orme v. State, 677 So.2d 258, 261 (Fla.1996); Lincoln v. State, 459 So.2d 1030, 1031-32 (Fla.1984). In Lincoln, the supreme court cited to State v. Allen, 335 So.2d 823, 826 (Fla.1976), in which it reviewed a corpus delicti challenge. In Allen, the supreme court acknowledged that “[cjircumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant.” 335 So.2d at 826. Yet, the majority opinion does just that.
Here, there is ample evidence to find the evidence is sufficient to convict, when we review it with the proper legal standard:
A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable [persons] as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.
Lynch v. State, 293 So.2d 44, 45 (Fla.1974) (emphasis added).
Although there is an additional rule applicable to circumstantial-evidence cases, the rule in Lynch applies to all motions for judgment of acquittal. The moving defendant must first concede all reasonable inferences to the State, in addition to all established facts, and then demonstrate that his or her reasonable hypothesis of innocence has not been rebutted by any inconsistent evidence. As the supreme court has stated:
In sum, the sole function of a trial court on motion for directed verdict in a circumstantial-evidence case is to determine whether there is prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the state and (b) the defense theory or theories. If there is such inconsistency, then the question is for the trier of fact to resolve.
Orme, 677 So.2d at 262 (emphasis added); see also Thomas v. State, 894 So.2d 126, 132 (Fla.2004) (“If the evidence, viewed most favorably to the state, created an inconsistency with Thomas’s theory, the trial court was to deny the motion and allow the finder of fact to resolve the inconsistency.”) (emphasis added).
Furthermore, the supreme court has long held that the State is not required to rebut every conceivable claim of innocence:
Under the circumstantial evidence standard, when there is an inconsistency between the defendant’s theory of innocence and the evidence, when viewed in a light most favorable to the State, the question is one for the finder of fact to *121 resolve and the motion for judgment of acquittal must be denied ... “The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the Defendant’s theory of events.”
Kocaker v. State, — So.3d-(Fla.2013) (emphasis added) (quoting Durousseau, 55 So.3d at 556-57; Law, 559 So.2d at 189).
A proper review of the evidence under this correct legal standard establishes the following additional facts: Appellee drove Webb, his friend and co-defendant, to a park, where Webb engaged in two fights. Witnesses identified Appellee, whom they knew previously, and his car, a dark blue Pontiac G6. Appellee and Webb admitted to being at the park, and Webb admitted to fighting the victims. A mere 30 minutes after Appellee and Webb left the park, witnesses identified Appellee’s car, with Webb in the back seat, at two locations involving the victims, the second location being where the shooting occurred from the back seat of Appellee’s car.
While Appellee denied to law enforcement that neither he nor his co-defendant were involved in the shooting, the credibility of this denial is for the jury to decide. Durousseau, 55 So.3d at 558 (noting that outside of defendant’s own testimony, there was no evidence robbery was a mere “afterthought”). A jury is entitled to reject a defendant’s self-serving claim, even where the State relies solely on circumstantial evidence to demonstrate guilt. Buenoano, 478 So.2d at 390. While a defendant is entitled to claim that he “wasn’t there,” such an assertion will not establish a reasonable hypothesis of innocence sufficient to be entitled to an acquittal, where the State produces conflicting circumstantial evidence of guilt. See, e.g., Galavis v. State, 28 So.3d 176 (Fla. 4th DCA 2010) (State’s burden is to produce evidence “inconsistent with every reasonable hypothesis of innocence that the defendant proposes.”) (emphasis in original) (citing Twilegar v. State, 42 So.3d 177 (Fla.2010)).
The very authority relied on by the majority actually supports upholding the jury verdict, as the State presented sufficient evidence “to enable the jury to exclude every reasonable hypothesis of innocence.” Law, 559 So.2d at 188 (emphasis added). Furthermore, the majority’s reliance on Law is misplaced, because in Law, the Florida Supreme Court reinstated the jury’s guilty verdict of second-degree murder, which this court had improperly reversed.
In a circumstantial-evidence case, the trial court’s sole function when adjudicating a motion for judgment of acquittal is to determine whether the State presented competent evidence that contradicts the defendant’s hypothesis of innocence. If the State’s evidence is inconsistent with the defendant’s reasonable hypothesis, only the jury may decide whether the State’s evidence excludes the hypothesis of innocence beyond a reasonable doubt. Id. at 189. Here, the trial court’s order granting Appellee an acquittal should be reversed as a matter of law, because it failed to consider all the evidence in a light most favorable to the State.
In Law, the supreme court held:
It is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. The view of the evidence must be taken in a light most favorable to the state. The state is not required to ‘rebut conclusively every possible variation’ of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsis *122 tent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
559 So.2d at 189 (citations and footnote omitted) (italicized emphasis in original; bolded emphasis added). It is worth noting that, in its conclusion, the supreme court stated: “Because we find that it is clear from the record the state introduced competent evidence from which the jury could have reasonably rejected each of Law’s theories, the result reached by the district court cannot stand.” Id. at 192 (emphasis added). We should reach the same result here and reinstate the jury verdicts finding Appellee guilty as a principal of aggravated assault and aggravated battery with a firearm.
In addition to contradicting established law, the majority’s holding also runs afoul of the prohibition against appellate courts reweighing evidence. Tibbs, 397 So.2d at 1123. Neither appellate courts nor trial courts are empowered to act as seventh jurors in criminal cases when deciding motions seeking a judgment of acquittal. Id. at 1123 n. 10. Here, the majority reweighs the evidence and reaches a different conclusion than the jury reached; this is not permissible under Tibbs.
Concerning the majority opinion’s statements regarding proof of Appellee’s intent in helping Webb attack the victims, it is axiomatic that questions of intent are quintessentially questions of fact, not law, and intent can rarely be proven by direct evidence: “Intent, a state of mind, is rarely susceptible of direct proof. It is almost always shown solely by circumstantial evidence.” Green v. State, 90 So.3d 835, 837 (Fla. 2d DCA 2012) (emphasis added). In fact, intent usually is inferred based on circumstantial evidence. See Hardwick v. State, 630 So.2d 1212 (Fla. 5th DCA 1994); State v. Tovar, 37 Fla. L. Weekly D2569, 2012 WL 5373443 (Fla. 2d DCA Nov. 2, 2012). In addition, the evidence, viewed in the light most favorable to the State, demonstrated that Appellee drove the car, with Webb, to two locations in pursuit of the victims, who were shot by Webb at the second location. This evidence shows Ap-pellee and Webb intentionally pursued the victims to engage in a drive-by shooting, especially when the evidence is reviewed under the proper legal standard.
The majority opinion similarly errs in its discussion of the lack of weapons or ammunition found in Appellee’s car. Again, viewing the evidence in the light most favorable to the State, the State demonstrated that Webb fired the gun from the back seat of Appellee’s car, because the jury found Webb guilty of the shooting attack. Thus, it has been established for purposes of this appeal that a gun was fired from the back seat of Appellee’s car. Based on this evidence, it is beyond dispute that Appellee’s car was involved in the drive-by shooting. Therefore, the lack of any weapons or ammunition does not, as a matter of law, demonstrate that the State failed to produce sufficient evidence; rather, it demonstrates that a jury question was created by the evidence. Law, Orme.
Finally, this case is not analogous to the cases cited in the majority opinion. In Cox v. State, 555 So.2d 352, 353 (Fla.1989), the relevant evidence of identity was far inferior to the evidence presented here. Most significantly, there was no direct testimony linking Cox to the murder victim. Here, Appellee, his car and Webb were all positively identified as being present at the park where Webb fought with the victims whom he later shot. Conversely, in Cox, the court noted that “Cox did not know the victim, and no one testified that they had *123 been seen together. Although State witnesses cast doubt on Cox’ alibi, the State’s evidence could have created only a suspicion, rather than proving beyond a reasonable doubt, that Cox, and only Cox, murdered the victim.” 555 So.2d at 353. Here, witnesses placed Appellee, his car, and his co-defendant at the park where the fight occurred, and the same witnesses placed Appellee’s car and his co-defendant at the scene of the drive-by shooting. This was sufficient evidence to allow the jury to decide whether Appellee’s guilt had been proven beyond a reasonable doubt.
Similarly, in Ballard v. State, 923 So.2d 475 (Fla.2006), the supreme court reversed a murder conviction based on circumstantial evidence consisting of no more than the defendant’s hair and fingerprint, where the defendant had been a guest in the victims’ home on numerous occasions. There is far more inculpatory circumstantial evidence of guilt here than in Ballard, thus, that case is not dispositive here.
We should reverse the trial court’s order granting the judgment of acquittal, and reinstate the jury’s verdict finding Appel-lee guilty because the State submitted competent evidence regarding identity that contradicted Appellee’s self-serving hypothesis of innocence that he was not driving his car during the shooting. Essentially, the majority opinion holds as a matter of law that the jury was not entitled to disbelieve the defendant’s testimony, as did the trial court. But, of course, the jury is specifically instructed that it can believe or disbelieve all or any part of a witness’ testimony. See Standard Instruction 3.9, Florida Standard Jury Instructions in Criminal Cases, “Weighing the Evidence” (“It is up to you decide which evidence is reliable.... A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.”) But neither the trial court nor this court is authorized to reject a jury’s view of the evidence by reweighing the same evidence and simply coming to a different conclusion. Tibbs, 397 So.2d at 1123. Therefore, I respectfully dissent from the majority opinion, as I would reverse the trial court’s order.

II. This Court Should Certify a Question of Great Public Importance Regarding Whether the Special Standard of Appellate Review of Circumstantial Criminal Convictions Should Be Reconsidered by the Florida Supreme Court

This court should certify a question of great public importance to the Florida Supreme Court regarding whether that court should reconsider the special standard of review of criminal convictions based on circumstantial evidence. See Knight, 107 So.3d at 449.
Applying “special rules” regarding circumstantial evidence in criminal cases is inherently illogical, as recognized in Judge Lawson’s opinion in Knight. In fact, applying “special rules” to any kind of evidence is inherently problematic, as the Florida Supreme Court recognized in Marr v. State, 494 So.2d 1139 (Fla.1986). There, the supreme court answered a certified question from this court regarding whether a special jury instruction was required in a sexual-battery case to inform the jury that it should “rigidly scrutinize” an alleged victim’s testimony where “no other person was an immediate witness to the alleged act....” Id. at 1140. Interestingly, the supreme court in Marr recognized that the failure to give this instruction in sexual assault cases was not generally considered to be legal error, but rather, the cases relied on in support of the special instruction “apparently dealt with the language of the requested instruction in the context of appellate review of the sufficiency of the evidence.” *124 Id. at 1141 (citing this court’s en banc decision in Marr which overruled a panel decision granting a new trial based on trial court’s ruling denying defendant’s request for special instruction) (emphasis added). As in Marr, here the supreme court should consider whether applying a “special rule” to circumstantial evidence is justified by any more persuasive reason than a special jury instruction was justified regarding sexual-assault testimony. I submit that both the jury instruction and the special standard of appellate review in circumstantial-evidence criminal cases improperly invades the province of the jury.
As Judge Lawson and the Fifth District properly recognized in Knight, the supreme court rejected any special instruction regarding circumstantial evidence more than thirty years ago in In the Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981). But as noted in Knight, unlike the cases in the federal courts, the Florida Supreme Court retained a “special” standard of review of legal sufficiency in circumstantial-evidence criminal cases. This has led to the anomaly of the law whereby juries are never told that the State must submit evidence that excludes every reasonable hypothesis of innocence, but then appellate courts reverse tack and insist on just such an evi-dentiary requirement.
As noted in Knight, and recognized by the Texas Court of Criminal appeals more than twenty years ago, applying different rules regarding circumstantial evidence at trial and on appeal “evaluates the jurors’ rationality by a different standard than that by which they were instructed to reach their verdict.” Knight, 107 So.3d at 457 (citing Geesa v. State, 820 S.W.2d 154, 161 (Tex.Crim.App.1991)). In fact, the court in Knight noted that the special standard of appellate review in circumstantial criminal cases can lead to parallel lines of authority “by recognizing that “whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine,’ Law, 559 So.2d at 188, while [simultaneously] adopting an appellate standard of review that suggests otherwise, Florida’s appellate courts have spawned two lines of subtly conflicting cases.” Knight, 107 So.3d at 458, 38 Fla. L. Weekly at D159 (emphasis added).
The court in Knight credited Judge Co-wart with recognizing this deficiency in 1984:
Defendant cites many cases in which appellate courts have encroached upon the province of the jury by determining as a matter of law either (a) that the jury could not believe or ... disbelieve [a] ... witness, or (b) that some suggested possibility (hypothesis) of innocence sounded so reasonable to the appellate court that, as a matter of law, the jury ... was not allowed to disregard ... slight or weak or remote possibility of innocence (which nearly always rests upon the credibility of the defendant’s testimony) and to accept what the jury considered to be ... overwhelming probability of guilt. The viability of the cases cited by defendant ... is questionable in view of better reasoned cases which recognize the jury question inherently involved.
Id. (Cowart, J. concurring specially) (citing Dunn v. State, 454 So.2d 641, 644 (Fla. 5th DCA 1984)) (emphasis added; footnotes omitted).
Those criminal defendants whose cases involve direct evidence receive a completely different standard of review, which is far more deferential to the jury’s verdict:
When sufficiency of the evidence is in issue, several standards of review are applicable. The following standard applies where the evidence of guilt is di *125 rect, whether in whole or in part: if a rational trier of fact, upon reviewing the evidence in the light most favorable to the State, could find that the elements of the crime have been established beyond a reasonable doubt, then the evidence is sufficient to sustain the conviction. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). Where the evidence of guilt is wholly circumstantial, on the other hand, the following standard applies: not only must the evidence be sufficient to establish each element of the offense, but the evidence also must be inconsistent with any reasonable hypothesis of innocence proposed by the defendant. Id. The issue of inconsistency is a jury question and the verdict will be sustained if supported by competent, substantial evidence. State v. Law, 559 So.2d 187, 188 (Fla.1989).
Twilegar v. State, 42 So.3d 177, 188-89 (Fla.2010) (emphasis added).[1]
I agree with the conclusion in Knight that applying different standards of appellate review to cases based solely on the type of evidence involved is simply not grounded in law or logic; in law, because the Florida Supreme Court long ago rejected any requirement to instruct juries to somehow rigidly scrutinize circumstantial evidence, and in logic, because circumstantial evidence can be far more probative than direct evidence, and thus applying a different standard of appellate review is not justified.
This case provides a perfect example. Assume hypothetically that a witness incorrectly identified a different person as the driver during the drive-by shooting, thus transforming this into a direct-evidence case. Baugh, 961 So.2d at n. 5 (Fla.2007). In such a case, had the jury believed the incorrect testimony and convicted this other person, this court would be required to be more deferential in reviewing that verdict, because the verdict would have been based on direct evidence. Peterson v. State, 94 So.3d 514 (Fla.2012) (recognizing that in direct-evidence cases, rational fact-finder test applies: “ ‘In determining the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt.’ ”) (quoting Bradley v. State, 787 So.2d 732, 738 (Fla.2001)). But this result is not based on logic or the law, which provides that juries are not to be instructed to apply a different level of value to direct evidence in comparison to circumstantial evidence.
Thus, this court should certify a question to the Florida Supreme Court, as nothing could be more important than ensuring that all criminal defendants are equal before the law regarding the issue of whether the State submitted sufficient evidence to sustain a verdict of guilt. The Florida Supreme Court held in Marr that no trial court would henceforth be required to instruct a jury to treat a sexual-assault victim’s testimony differently than any other kind of evidence, stating that it “should no longer play a role in Florida jurisprudence.” 494 So.2d at 1142. It is respectfully submitted that the time has come for that court to similarly consider *126 whether applying different appellate standards of review in criminal cases merely based on the type of evidence involved “should no longer play a role in Florida jurisprudence.”
I would certify a question that would allow the Florida Supreme Court to consider whether the time has come to announce a single standard of appellate review of the legal sufficiency of all criminal convictions. In my view, such a change would greatly enhance the administration of justice in criminal cases.

. In Twilegar, a circumstantial-evidence case, the Florida Supreme Court seemed to apply a hybrid standard of review, as the court stated that it was "viewing the evidence in a light most favorable to the state, a rational trier of fact could have found that the elements of the crime have been established beyond a reasonable doubt.” 42 So.3d at 189. However, the court later stated that "competent, substantial evidence supports the conclusion that this evidence is inconsistent with any reasonable hypothesis of innocence proposed by Twilegar." Id.