Courtney Hudson Goodson, Justice, concurring in part and dissenting in part. I join the opinions authored by Justice Danielson in this case and that of Strawhacker v. State, 2016 Ark. 348, 500 S.W.3d 716. I share his view that the majority has precipitously preordained the expansion of the writ of error coram nobis without the benefit of a fully developed record. This court should be well apprised of the facts before taking such an extraordinary course of action. I write separately to express another concern that these cases may present. At issue is the testimony of FBI agent Michael Malone concerning microscopic hair-comparison analysis. According to the Department of Justice, aspects of Malone’s testimony at Pitts’s trial exceeded the limits of science by overstating the probative value of hair-comparison analysis. However, as I read the record that has been provided to us in this case, it appears that the limits of this analysis may have been known at the time of the trial and long before the Department of Justice issued its most recent report. The topic was the primary focus of trial counsel’s cross-examination of Malone. Indeed, Malone’s written report in this case stated .that hair-comparison analysis is not a basis for personal identification. In addition, |fiquestions regarding Malone’s expert testimony in this and other cases have been percolating since the late 1990s with the issuance of the 1997 OIG report.[1] At and before that time, the appellate courts of Florida were highly critical of Malone’s testimony. See Long v. State, 689 So.2d 1055 (Fla. 1997); Horstman v. State, 530 So.2d 368 (Fla. 2d DCA 1988). In January 2008, at a hearing on Pitts’s petition for writ of habeas corpus, Pitts’s counsel acknowledged that Malone had been discredited in a number of cases across the country. Although I express no opinion in the matter, the timeliness of this petition and diligence are issues that might be explored once jurisdiction is reinvested in the circuit court. . I note that in Strawhacker’s case, the letter written to him by tire Department of Justice in October 2014 states that ”[i]t is possible that you or your counsel previously received notice of the [1997] OIG Report and/or a copy of the Independent Scientific Review from the prosecutor's office responsible for the prosecution at issue, or that you or your counsel otherwise became aware of the criticisms, as .they were widely known and the subject of many media reports.”